90 459
132 132

90 459
162 411

90 459
d165 702

No. 9,542.

## HALL, EXECUTOR, *v.* THE PENNSYLVANIA COMPANY.

COMMON CARRIER.—*Special Contract.*—*Evidence.*—*Variance.*—Where suit is brought against a common carrier to recover damages for the non-delivery of goods received by it for carriage, and the complaint merely alleges a breach of the common-law duty of such carrier, if the evidence show that the goods were received for carriage under a special written contract, which was not declared upon, the variance is fatal, and the plaintiff can not recover.

From the Superior Court of Allen County.

*A. A. Chapin, W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellant.

*J. Brackenridge* and *J. R. Carey,* for appellee.

Howk, J.—In this case the appellant, executor of George Glatte, deceased, the plaintiff below, alleged, in substance, in his complaint, that the appellee, on the 16th day of July, 1877, and long prior thereto, was a common carrier of goods, to carry for hire the goods of all persons, upon request, from Philadelphia, Pennsylvania, to ·Kendallville, Indiana; that on said day the appellant's testate delivered to the appellee, as such carrier, in good order, fifteen barrels of sugar, the goods of such decedent, to be carried by appellee safely from Philadelphia to Kendallville, then and there to be delivered to the said George Glatte, then in life; that appellee then and there received said goods to be safely carried and delivered as aforesaid, for a reasonable reward to be paid therefor by the said Glatte; that appellee failed and neglected safely to carry and deliver said goods to said Glatte, in his lifetime, nor, since his death, had appellee delivered the same to appellant, but that the same had been wholly lost, for want of due care and preservation by appellee, to the damage of the appellant in the sum of $500, for which he, as executor, demanded judgment.

The cause was tried by the court, and a finding was made for the appellee, the defendant below, and over the appellant's motion for a new trial, the court rendered judgment against him for the appellee's costs.

In this court the only error assigned by the appellant is the overruling of his motion for a new trial; and the causes assigned for such new trial were, that the finding of the court was not sustained by the evidence, and that it was contrary to law. The single question for decision in this case, therefore, may be thus stated: Is there legal evidence in the record of this cause which tends to sustain the finding of the trial court on every material point?

The cause was submitted to the court for trial, on an agreed statement of facts, in substance, as follows:

" It was agreed by the parties that the sugar mentioned in the complaint was, at the time the same was received by the

defendant for carriage, as stated in the complaint, of the value of $400. And thereupon the following agreed statement of facts was also submitted by the parties as evidence in said case, to wit: Come now the parties, plaintiff and defendant, and hereby agree that the following are all the facts in this case, and that the same shall be submitted to this court for decision and judgment, upon the facts herein below set forth, to wit:

"The goods described in the complaint, being fifteen barrels of sugar, were purchased by the decedent in the city of Philadelphia, in the month of July, 1877. The defendant is and was at the time this cause of action accrued a common carrier, operating the Pittsburgh, Fort Wayne and Chicago Railway, extending through Allen county, Indiana, and also the 'National Line' of freight cars, which, among other places, ran between the city of Philadelphia and the village of Kendallville, Indiana. On the 16th day of July, 1877, the sugar so purchased was delivered in good order to the defendant, as such common carrier, at the city of Philadelphia, and a contract, a copy of which is hereto attached, marked 'Exhibit A,' and made a part of this agreed statement of facts, was made and entered into by and between the decedent and the defendant, wherein the defendant, upon the conditions therein named, agreed for a reasonable consideration to carry such sugar from the city of Philadelphia to the village of Kendallville.

"The sugar so received under said contract was by defendant, in the due course of transportation, safely and without delay carried as far as the Pennsylvania Company's yard in the city of Pittsburgh, county of Allegheny, State of Pennsylvania. While there, and before there was any negligent delay on defendant's part, the property, with a large amount of other goods, then and there in the custody of the defendant, was violently taken possession of by a riotous mob, composed of persons, some of whom had until then been employees of the defendant and were such employees, unless, by

their conduct, they ceased to be such. Defendant used all means in its power to retain and then to regain possession of said property, that it might preserve it, and continue its transportation, and to this end used not only such of its employees as remained in its employment, but through the proper legal authorities invoked the aid of the city of Pittsburgh and of the State of Pennsylvania, and even the presence and efforts of a large force of police furnished by the city, and of armed militia sent by the Governor of the State, were insufficient to protect such property, and it was destroyed by fire lighted by the mob on the 21st day of July, 1877.

" It is further agreed that the defendant was fully provided with all the facilities necessary to the prompt carriage of its freights and transaction of its business, and that the sugar was taken from its control and retained by a force it could not resist. The mob was occasioned by a strike among the defendant's employees, who had been joined by a large number of persons sympathizing with the strikers."

This agreed statement of facts was signed by the attorneys of the respective parties.

The material parts of the contract, or bill of lading, marked " Exhibit A," and made a part of the agreed statement of facts, were in substance as follows:

" National Line. Fast freight line, via Pennsylvania Railroad.

"Freight shipped by the National Line reaches all points west, northwest and southwest, via the Pennsylvania Railroad and its connections. Its transporting facilities are ample and unsurpassed by any other fast freight or dispatch line. The cars of this line are constructed to run through from Philadelphia to the west and northwest, without transfer. All claims promptly adjusted by the agents."

(Here follow the names of the officers and of a long list of agents.)

" Received, Philadelphia, July 16th, 1877, of Harrison, H. & Co., the following packages (contents unknown), in ap-

parent good order. Marks: G. C. G., Kendallville, Ind.,. G. C. Glatte, fifteen bbls. sugar, to be transported by the National Line, and the steamboats, railroad companies and forwarding lines with which it connects, to —————, within days (Sundays and days of shipment and delivery excepted), upon the following conditions:

"That the said National Line and the steamboats, railroad companies and forwarding lines with which it connects and which receive said property, shall not be liable for any loss or damage, however accruing, enunciated below, viz.: * * * * * nor for loss or damage on any article of property whatever, by fire or other casualty, while in transit or while in depots or places of transshipment, or at depots or landings at points of delivery. * * * * * In witness whereof," etc.

This was all the evidence given in the cause, and upon this evidence the trial court found for the appellee, the defendant below. We are of opinion that the finding of the court was clearly right. It will be observed that in his complaint, the substance of which we have given, the appellant counted exclusively upon an implied contract or agreement of the appellee, as a common carrier, and sought to recover damages for an alleged breach of its common-law duty as such carrier, in the transportation of his decedent's sugar. No reference whatever was made by the appellant in his complaint to any written contract or bill of lading executed by the appellee to the decedent in his lifetime, for the carriage and delivery of his sugar. In *Indianapolis, etc., R. R. Co.* v. *Remmy*, 13 Ind. 518, this court held that a suit against a carrier for a breach of his contract as such, under the code, must be brought upon the bill of lading, where such a bill is given and embraces the terms of the contract. The court said: "Here, there was a bill of lading, embracing all the terms of a contract touching the subject-matter involved—a contract, by the written terms of which the parties were bound, and their rights and liabilities to be determined—a contract of a high and fixed character, which could not, as we have

seen, be varied by parol evidence; and we are clear that it should have been referred to in, and filed with, the complaint. As this case stood, if the fact of the written contract had been disclosed, it would seem that parol evidence must have been excluded, because of the written, and the written, because not sued on."

So, in *Jeffersonville, etc., R. R. Co.* v. *Worland,* 50 Ind. 339, it was held that where, in an action against a common carrier to recover damages for delay in the transportation and delivery of live-stock, the complaint is based upon a special contract, the plaintiff could not recover upon an implied contract to carry in a reasonable time, or for a breach of the legal duty of the defendant as a common carrier. "In other words," the court said, "there is a fatal variance in this case between the contract alleged and the case which the jury found to have been proved."

So, also, in *Lake Shore, etc., R. W. Co.* v. *Bennett,* 89 Ind. 457; S. C., 6 Am. & Eng. R. R. Cases, 391, where, in the first paragraph of his complaint the appellee counted exclusively upon an implied contract of the appellant, as a common carrier, and sought to recover damages for an alleged breach of its legal duty, as such carrier, in the transportation of his cattle, and the evidence showed that the cattle were received and carried by the appellant under a special contract, this court held, that there could be no recovery by the appellee on the first paragraph of his complaint. The court said: "When, therefore, the court found, as it did, that appellee's cattle were delivered to and received by the appellant under a special contract, which was at the time duly executed by the parties, it would seem that such finding would be an end of the case, as stated in the first paragraph of the complaint, and that no recovery could be had thereon. * * * * * * * The appellee could only recover, if he recovered at all, upon and in accordance with the allegations of his complaint; and as the facts specially found by the court present an entirely dif-

ferent case from that stated by the appellee, in either paragraph of his complaint, we think that the court, as a conclusion of law upon its findings of fact, ought to have found for the appellant, the defendant below."

And so we think in the case at bar. When the evidence showed, as it did, that the decedent's sugar was delivered to and received by the appellee for transportation and delivery, under the terms of a special contract, there could be no recovery by the appellant in this action, because the special contract was not sued on, and because of the fatal variance between the case made by the allegations of the complaint and the case made by the evidence. Nor will it obviate this difficulty to say that, by the agreed statement of facts, the parties submitted to the court for trial a different case from the case stated in appellant's complaint; for, in that view of the case before us, it would be an agreed case, under the provisions of section 386 of the civil code of 1852, or section 553, R. S. 1881. "In an agreed case, no motion for a new trial is necessary, but the party aggrieved must except to the decision of the trial court, upon the agreed statement of facts, and unless the record shows that an exception was taken to the decision at the proper time, it will present no question for the decision of this court. This point is settled by the decisions of this court. *Fisher* v. *Purdue*, 48 Ind. 323; *Manchester* v. *Dodge*, 57 Ind. 584." *Lofton* v. *Moore*, 83 Ind. 112.

In this case the appellant did not except at the time to the finding or decision of the trial court upon the agreed statement of facts. In any view of the case, therefore, we are of opinion that there is no error in the record of this cause which would authorize the reversal of the judgment below.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.