Rhoads v. Jones et al.

Judgment affirmed.

Filed Jan. 2, 1884.

---

No. 10,466.

RHOADS v. JONES ET AL.

EVIDENCE.—Harmless Error.—The admission of improper evidence, when without it the same verdict must have been rendered, is a harmless error.

CONTRACT.—Merger of Oral Agreement.—Where a contract in writing is executed, all oral stipulations accompanying it are merged, and the writing must be treated as containing the whole contract, and in such case an action can not be maintained upon the oral agreement.

From the Montgomery Circuit Court.

T. E. Ballard and M. E. Clodfelter, for appellant.

T. H. Ristine and P. S. Kennedy, for appellees.

HAMMOND, J.—Action by the appellant against the appellees, upon an oral agreement for the care and support of one Indiana Castor.

The facts stated in the appellant's complaint are, substantially, as follows:

Isaac Castor, the father of Indiana Castor, died testate, and his will was admitted to probate. Among its provisions was one devising to the appellant certain personal property and real estate, of the value of $6,000, with the condition subsequent that the appellant should support and care for said Indiana as long as she remained unmarried. In February, 1876, the appellees and others instituted suit against the appellant and others, in the Montgomery Circuit Court, to annul said will. As the parties were about to enter upon the trial of that case, they came to terms of accommodation, by a written agreement, whereby that suit was dismissed; the appellant was to pay the plaintiffs therein, in specified instalments, $4,500; the appellant was to be released and secured by bond from all obligations under the will to support said Indiana; and the parties to the suit were to waive all conditions subsequent in the will. As this agreement did not provide, directly, that the appellees should support said Indiana, the appellant declined signing it until the appellees orally agreed to furnish such support. This action is based upon that oral agreement. Proper averments are made that the appellees have not complied with their said oral agreement, and that the appellant has supported said Indiana. Judgment is demanded in the sum of $4,000.

The appellees answered by general denial. Trial by jury; verdict for appellees; appellant's motion for a new trial overruled; exceptions; judgment on verdict; appeal to this court.

The following extract from the brief of appellant's counsel will show the ground upon which they rely for a reversal of the judgment below:

" The error relied upon for the reversal of the judgment is the overruling of appellant's motion for a new trial.

Rhoads *v.* Jones *et al.*

" One of the grounds relied upon for a new trial, and the only one we care to present, relates to the admission of certain evidence on the part of appellees on the trial of the cause, over the objection of appellant.

" Marquis Jones, a witness for appellees, on his examination in chief, was, over the objections of appellant, permitted to testify as follows: 'As I before stated, I went to Rhoads' house, at the request of Mr. Jones, and requested Indiana to return to the home of Mr. Jones and make her home there as before; but Indiana positively refused to do so; I had to return to Jones' without her; this occurred shortly after she went to Rhoads' on Mr. Jones' horse.'

" This evidence, if a defence at all, was not admissible under the general issue. * * * ·

"Again, the refusal of Indiana Castor to return to the home of appellee and make her home there, is no defence to this action." .

We are inclined to the opinion that the appellant's objections to this evidence on the ground that Indiana's refusal to live at the home of the appellees, or either of them, was well taken. Such refusal would be no defence. But notwithstanding the improper admission of the evidence complained of, the judgment, on that account, can not be reversed. The trial of the case could not, or at least should not, have resulted differently, had the evidence complained of been excluded. We are clearly of the opinion that the appellant, in view of the evidence introduced by himself, could not, in any event, recover on the oral agreement set out in his complaint. At the trial he put in evidence the written contract executed in compromise of the former suit and signed by himself, the appellees and others who were parties to that action. In this contract occurs the following provision respecting said Indiana Castor : " Rhoads to be released and secured by bond from all obligations to take care of Indiana Castor and her child." The bond referred to was also introduced in evidence by the appellant, as follows :

Rhoads v. Jones et al.

" Whereas, on the 26th day of February, 1876, in the case of *Nancy J. Jones et al.* v. *Daniel Rhoads et al.*, in the circuit court of Montgomery county, to contest the last will of Isaac Castor, deceased; and a provision being contained in said will that said Daniel Rhoads should keep and maintain Indiana Castor until she shall become married, or as long as she remains single; and whereas, on said day, a written agreement of compromise was made between the said' Daniel Rhoads and the plaintiff, which written agreement is filed in said cause and made part of the record, in which agreement as part thereof, the° undersigned, as parties plaintiffs in said suit, agreed that Daniel Rhoads should be released and secured by bond from all obligation to take care of Indiana Castor and her child as aforesaid: Now, therefore, in order to perform said agreement and for the consideration therein named, we do jointly and severally acknowledge ourselves bound unto the said Daniel Rhoads, in the penal sum of three thousand dollars, well and truly to be paid, if said Daniel Rhoads shall in any way be injured or damaged in any way by reason of any claim or demand, or any suit at law, instituted by or in behalf of said Indiana Castor by reason of any claim made by her as legatee under said will, as aforesaid. If we shall fail to release or cause Daniel Rhoads to be released and held harmless from all obligations under said will to take care of Indiana Castor, if said conditions be not performed fully on demand made upon either of these parties by Daniel Rhoads or his legal representatives, then the above bond shall be absolute and a cause of action accrue thereon. Witness our hands, this 28th day of February, 1876."

The above bond was signed by the appellees and by S. W. Castor and Asa Ditamore.

We think that the oral contract sued upon was merged into the foregoing written instruments. Taken together, they are broad enough to cover the claim upon which the appellant seeks to recover. His action should have been based upon said written instruments. The rule is well established that

when a contract is reduced to writing, the legal presumption is that the entire contract, as finally settled, is embraced therein, and all oral negotiations or stipulations between the parties which preceded or accompanied the execution thereof are to be regarded as merged in it, and it is to be treated as the exclusive medium of ascertaining the contract by which the parties bound themselves. *Oiler* v. *Gard*, 23 Ind. 212 ; *Cincinnati, etc., R. R. Co.* v. *Pearce*, 28 Ind. 502 ; *Coleman* v. *Hart*, 25 Ind. 256 ; *Headrick* v. *Wisehart*, 41 Ind. 87 ; *Durland* v. *Pitcairn*, 51 Ind. 426 ; *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406 ; *Hall* v. *Pennsylvania Co.*, 90 Ind. 459.

It follows, as was expressly decided in the first, and last two cases above cited, that where there is a written contract between the parties, the action must be based thereon. A party can not declare upon a verbal contract and recover upon a written one. And where he sues upon a verbal contract, and it is disclosed in the evidence that the contract was put in writing, there can be no recovery.

No harm, therefore, resulted to the appellant from the admission of the evidence objected to, for the reason that, if such evidence had been excluded, a different result in the trial could not have been reached. The error in admitting the evidence was harmless.

Judgment affirmed, at appellant's costs.

Filed Oct. 20, 1883. Petition for a rehearing overruled Jan. 2, 1884.