## Chambers *v.* The State.

*Indictment for Betting at Cards.*

1. *Playing at cards, and betting ; variance.*—Under an indictment for betting at a game of cards (Code, § 4209), a conviction can not be had on proof of playing only (§ 4207), the two offenses being separate and distinct.

FROM the Circuit Court of Crenshaw.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case, as copied in the transcript, charged that the defendant " bet at a game with cards, or dice, or some other device or substitute for cards or dice, at a tavern, inn," &c. The bill of exceptions purports to set out all the evidence adduced on the trial, and shows that the case was treated as an indictment for playing cards at some place designated in the statute ; the only contested questions being, what acts on the part of the defendant amounted to playing, and whether the cabin at which the game was played was within the prohibition of the statute. On all the evidence, the defendant requested the court to charge the jury, among other things, that they must find him not guilty, if they believed the evidence ; and he excepted to the refusal of this charge.

The record and dockets do not show any appearance of counsel for the appellant in this court.

T. N. McCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The Circuit Court erred in this case, in refusing to give the general charge requested by the defendant, instructing the jury to acquit him if they believed the evidence. The indictment charges the defendant with *betting* at a game with cards, in violation of the provisions of section 4209 of the Code, at one of the places therein prohibited. This offense is a misdemeanor, punishable by a fine of not less than fifty, nor more than three hundred dollars. It is a separate and distinct offense from that of *playing* at a game with cards, denounced by section 4207 of the Code, which is punishable by a fine of not less than twenty, and not more than fifty dollars. The latter offense is not included necessarily in the former, because one may bet at a game played by others. A conviction of *play-*

*ing* can not, therefore, be had under an indictment for *betting*. There is no evidence tending to show that the defendant *bet* any thing at the alleged game with cards. The variance between the allegations and the proof was fatal to the right of any legal conviction.

We need not consider the other points raised by the rulings of the court,

The judgment is reversed, and the cause remanded.