# South & North Alabama Railroad Co. *v.* Wilson.

## *Action against Railroad Company as Common Carrier.*

1. *Implied admission of injury, by failure to deny.*—When compensation is demanded of a railroad company for damages to goods transported, and the demand is refused on the ground that the goods were carried at the "owner's risk;" this is a circumstance from which the jury may infer a waiver of all other grounds of defense, and an admission that the goods were damaged while in possession of the carrier.

2. *Liability of carrier for goods carried at "owner's risk."*—When loss or damage to goods occurs while they are in the custody of the carrier, though carried at "owner's risk," the carrier must make at least a *prima facie* showing that it was not caused by his negligence.

3. *Variance; loss of goods, and damage.*—Under a complaint in the form prescribed for the non-delivery of goods by a carrier (Code, p. 703, Form No. 13), a recovery can not be had on proof that they were delivered in a damaged condition.

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JAMES E. COBB.

This action was brought by H. A. Wilson against the appellant, a domestic corporation, claiming $85 " as damages for certain goods," which were particularly described, "received by the South and North Alabama Railroad Company as a common carrier, to be delivered to the plaintiff at Lomax, in the county of Chilton, State of Alabama, for a reward; which the South and North Ala. Railroad Company as aforesaid failed to do." On all the evidence adduced, which is set out out in the

bill of exceptions, and the substance of which is stated in the opinion of this court, the defendant asked the court to instruct the jury, "that they must find for the defendant, if they believed the evidence ; " and the refusal of this charge is now assigned as error.

Thos. G. Jones, and J. M. Falkner, for appellant.

W. A. Collier, contra.

STONE, C. J.—Wilson, the appellee, shipped furniture by the appellant corporation, from Montgomery, to be delivered at Lomax, a flag station on the railroad. There was proof that the furniture was well packed, and in a sound condition, when it was placed on a dray to be delivered on the railroad ; that on the next day, a few or several hours after the unloading, as testified by the several witnesses, the furniture was lying on the platform used for such purpose at Lomax, and was damaged. Claim of compensation for the injury was made on the railroad ; and the testimony tends to show that the claim was referred to the general freight agent, who declined to pay, giving as the only expressed reason that the furniture was shipped at the "owner's risk." No bill of lading was produced, nor was it shown whether any was given. The foregoing is the substance of all the testimony, except that which relates to the extent of the injury. The single question presented for our consideration springs out of the refusal of the court to charge the jury, that if they believed the evidence, they must find for the defendant.

If there was a correspondence between the allegations and the proof, there is one hypothesis—only one—on which the charge asked could have been properly given. That hypothesis is, that there was no testimony, either of fact or circumstance, upon which the jury could have found that the furniture was injured through the railroad's want of care.—1 Brick. Dig. 335 ; *Hall v. Posey*, at present term. Is that the condition of this case, as shown by the record ? We think not. When demand was made on the railroad, for compensation for injury done to the furniture, the refusal to pay was placed, not on general grounds, nor on a denial that the furniture was injured while in transit on the railroad, but on the specific ground that the furniture had been shipped at the owner's risk. Placing the refusal on this ground was, at least, a circumstance the jury might consider, in determining whether all other grounds were waived, or did not exist. Such is the rule in analogous questions. Then, if the jury inferred from the character of the refusal that the corpo-

ration did not controvert the breaking while the furniture was in its custody, but claimed exemption from liability by force of the special agreement that the shipment was at the owner's risk, this, without more, did not exempt the railroad from liability. In *Steele v. Townsend*, 37 Ala. 247, 253, this court, speaking of this question, said : "The correct view is, that the loss is not brought within the exception, unless it appears to have occurred without negligence on the part of the carrier ; and as it is for the carrier to bring himself within the exception, he must make at least a *prima facie* showing that the injury was not caused by his neglect."—*S. & N. Ala. R. R. Co. v. Henlein*, 52 Ala. 606. No testimony was offered to exculpate the railroad from neglect. Other reasons might be given in support of the position taken above.

There is, however, another. view of this question. The *gravamen* of the complaint is the non-delivery of the furniture at the depot of its destination. Its language, after describing the furniture, is, " Received by the South and North Ala. Railroad Company as a common carrier, to be delivered to the plaintiff at Lomax, in the county of Chilton, State of Alabama, for a reward ; which the South and North Alabama Railroad Company as aforesaid failed to do." This is a substantial copy of form No. 13, p. 703 of the Code of 1876, and is appropriate and sufficient when the complaint is that the goods were not delivered. In such case, the *gravamen* is the breach of the contract to deliver. In the present case, the goods were delivered, and the complaint is that they were broken and damaged in transit by the negligence of the carrier. This was no breach of the contract to deliver, but may have been a breach of the duty or agreement, express or implied, to deliver in good order, or such order as the contract of affreightment required. The averment shows a non-feasance, while the proof tends to show a malfeasance. There was a material variance between the allegations and proof—such as required an amendment of the complaint to justify a recovery.—1 Greenl. Ev. §§ 63, 64, 66 ; Hutch. on Car. § 750 ; *Fairchild v. Slocum*, 19 Wend. 329 ; *Hall v. Penn. Company*, 90 Ind. 459.

The evidence did not sustain the allegations, and for this reason the charge asked should have been given.

Reversed and remanded.