# Williams *v.* The State.

*Indictment for Selling Liquor without License.*

1. *Sufficiency of indictment; selling or giving liquor.*—An indictment in the general form allowed by the statute, charging that the defendant *sold* vinous or spirituous liquors without a license and contrary to law (Code, § 4037), is sufficient to cover a sale in violation "of any special or local law regulating or prohibiting the *sale*" of such liquors; but not the *giving away* of such liquors, although it may be prohibited by such special law.

FROM the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

J. D. BURNETT, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The statute under which the defendant was indicted is penal in its character, in derogation of the common law, and can not be extended by construction beyond its terms. The statute is local in its application, and prohibits the selling or giving away of spirituous liquor within certain described limits.

The indictment charges that the defendant sold vinous or spirituous liquors without a license, and contrary to law; and was found under section 4037 of the Code, which provides that, in an indictment for retailing spirituous liquors, it is sufficient to charge that the defendant sold spirituous liquors without a license and contrary to law; and for any violation of any special and local laws, regulating or prohibiting the sale of spirituous liquors, such form shall be held good and sufficient.

The evidence shows that the defendant did not sell, but gave away the liquors for which he was indicted. The question then arises, can a man be convicted for giving away liquor contrary to the statute, under an indictment for "selling?" As stated before, the statute is penal, and can not be made to em-

[Williams v. The State.]

brace by construction any case not within its meaning. We have been unable to find any case where a person was convicted of "selling liquor," upon proof of "giving" away the liquor merely.

In *Siegel v. The People*, 106 Ill. 94, where a party was indicted for selling liquor to a minor, in violation of a statute which prohibited the selling or giving intoxicating liquors to a minor, it was held that the indictment could not be sustained by proof of "giving" the liquor to a minor; that the word "sell" had a well known legal significance, and, in the absence of any thing to the contrary appearing in the statute, we must presume the statute was intended to have that significance. The court of Arkansas, in *Gillan v. State*, 47 Ark. 556, construing a statute similar to the one of Illinois, came to the same conclusion, and held that the word "sell" had a well known legal signification. The same distinction between "selling" and "giving" is distinctly recognized in the case of *Young v. State*, 58 Ala. 359.

The section of the Code referred to, and which permits the common form of indictment used, is for the violation of any local and special law "regulating the sale" of spirituous liquors, or "prohibiting" the sale of spirituous liquors. If "sale" has a technical legal meaning well known, and does not include in its signification "to give," the section of the Code relied upon can not authorize this common form of indictment in cases of "giving" liquor in violation of the law, but restricts it to cases of "selling." To convict a person of "giving" away liquor contrary to law, he must be indicted or charged with the offense of "giving" contrary to law, and not for "selling."

In framing indictments of this character, the safer plan is to have two or more counts, charging the different offenses severally in separate counts. In this way, the indictment will meet the different phases of the evidence.

The trial court should have directed an acquittal under the evidence.

Reversed and remanded.