# New Decatur *v.* Lande.

*Prosecution for Violation of Municipal Ordinance.*

1. *Selling or giving liquor to minor; variance.*—On a prosecution for the violation of a municipal ordinance prohibiting the sale or gift of intoxicating liquors to a minor, if the complaint filed on appeal charges a *sale* only, a conviction can not be had on proof of a gift, the variance being fatal.

APPEAL from the City Court of Decatur.
Tried before the Hon. WM. H. SIMPSON.

KYLE & SKEGGS, for appellant.

E. W. GODBEY, *contra.*

McCLELLAN, J.—Abel Lande was convicted before the mayor of New Decatur, under an ordinance prohibiting the *sale, gift,* &c., of spirituous or malt liquors to minors. He appealed to the City Court of Decatur, and was there tried *de novo* before the judge of that court, on a complaint which alleged that said "defendant violated said ordinance by *selling* malt or spirituous liquors to John Conway, a minor," &c., &c.

[Keaton v. Terry.]

There was some evidence tending to show that Lande indirectly *gave* a glass of beer to.the minor; but there is no evidence tending in any degree to show that he *sold* either malt or spirituous liquors to said minor. There is a very marked and essential difference between the act charged and that proved.— *Williams v. State*, 91 Ala. 14; 8 So. Rep. 668; *Coker v. State*, 91 Ala. 92. The variance was fatal. There being no evidence of the selling charged in the complaint, and no averment in the complaint of the giving which the evidence tended to show, no judgment could have been rendered for the plaintiff; and the rulings of the judge on questions of pleading and evidence which arose on the trial, and which had no effect on this variance between the averment and proof, were without injury to the appellant; whether erroneous or not.

The judgment is affirmed.