# Thompson v. Richardson.

*Action for Malicious Prosecution, and False Imprisonment.*

1. *Malicious prosecution and false imprisonment; variance.*—Where the complaint in an action for malicious prosecution, and for false imprisonment, contains only two counts; the first count alleging that the defendant, maliciously and without probable cause therefor, caused the plaintiff to be arrested under a warrant issued by a justice of the peace on a charge of larceny; and the second count alleging that the defendant, maliciously and without probable cause therefor, caused the arrest and imprisonment of the plaintiff on a charge of stealing an ox; evidence to show that the defendant, in a complaint made and sworn to before a justice of the peace, charged that the defendant "did steal or remove one ox from said range," is not admissible in support either of said counts

2. *Same; evidence on issue of probable cause vel non; hearsay.*—In an action for malicious prosecution, where the facts deposed to on the trial of the charge upon which the plaintiff was arrested are admissible on the issue of probable cause *vel non*,—there being no question of impeachment, and no purpose to show conduct, testimony, and the like, on the part of the defendant, at that trial, tending to show

[Thompson v. Richardson.]

malice—such facts should be proved by witnesses cognizant of them, and the testimony of the justice of the peace who presided at that trial that the witnesses deposed to such facts, is hearsay, and not admissible.

4. *Possession of stolen property; charge.*—There is no error in a charge which instructs the jury that "when property is stolen, and then found in the recent possession of a person, the presumption is that he stole it, unless he gave a reasonable and satisfactory explanation of how he came into the possession of it, and that he came into the possession honestly."

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

On the trial of this case, as shown by the bill of exceptions, Ira W. Pringle was introduced as a witness for the plaintiff, and testified that he was a justice of the peace for Mobile county, and that he tried the case of The State v. Richardson, which is referred to in the opinion. The attorney for the plaintiff then asked the witness, "What was the evidence before you in the case on that trial?" The defendant objected to this question, because it called for irrelevant and immaterial testimony, and because it called for secondary evidence. The court overruled the objection, and the defendant duly excepted. The witness then stated what the evidence was on that trial.

There was evidence tending to show that, before the defendant made the complaint, mentioned in the opinion, against the plaintiff, a steer belonging to the defendant and one Odum, which they had "turned out into the range," was "driven out of the range" by the plaintiff, and was in his possession. The evidence for the plaintiff tended to show that he bought the steer from a Mr. Finch. The court, in the course of its general charge to the jury, instructed them as follows: "When property is stolen, and then found in the recent possession of a person, the presumption is that he stole it, unless he gave a reasonable and satisfactory explanation of how he came into possession of it, and that he came into the possession honestly." The defendant excepted to this portion of the general charge, and also excepted to the refusal of the court to give the general affirmative charge in his behalf. There was judgment on a verdict for the plaintiff. The defendant appeals, and assigns as error various rulings of the court below. The opinion states the points decided.

GREGORY L. & H. T. SMITH, for appellant.—One of the alternatives stated in the affidavit which was admitted in evidence constituted no offense, and hence the charge of

larceny was not made thereby.—*Horton v. State*, 53 Ala.
488; *Noble v. State*, 59 Ala· 78; *Mays v. State*, 89 Ala. 38;
*Williams v. State*, 91 Ala. 14. The court, in the general
charge, virtually instructed the jury that, if a person found
in the recent possession of stolen property gives a reason-
able account of his possession, no probable cause for his
arrest exists. This was error.

CLARKES & WEBB, *contra*.

McCLELLAN, J.—The original complaint in this cause
consisted of only one count, which claimed ten thousand
dollars damages, for that the defendant, maliciously and
without probable cause therefor, caused the plaintiff to be
arrested under a warrant issued by a justice of the peace
on a charge of larceny, &c., &c. A second count was added
by amendment, which claimed five thousand dollars damages,
for that the defendant, maliciously and without probable
cause therefor, caused the arrest and imprisonment of plain-
tiff on a charge of stealing an ox, &c., &c. At the trial, plain-
tiff was allowed, against defendant's objection, to adduce in
evidence, as the charge on which the warrant was issued and
arrest made, the following complaint: "The State of Ala-
bama—Mobile County: Personally appeared before me, G.
W. Taylor, N. Q. Thompson, who being by me duly sworn,
deposes and says that A. G. Richardson did steal or remove
one ox from said range. Subscribed and sworn to before
me this 22nd day of July, 1891. N. Q. Thompson," and
also the warrant, which merely commands the arrest of
Richardson, if found in the county. The defendant excepted
to, and now assigns this action of the court as error. The
justice of the peace was permitted to testify that Thompson
signed the affidavit; and to this, also, the defendant objected
and excepted. These exceptions were, in our opinion, well
taken. The affidavit made by the defendant does not con-
tain a charge of larceny, as alleged in the first count of the
complaint, nor a charge that plaintiff did steal an ox, as al-
leged in the second count. The averment is that Richard-
son "did steal *or remove* one ox from said range." This is
not an affirmation that Richardson stole the ox, but a dis-
junctive averment that he did one of two things with respect
to the ox; he either stole it, which would be larceny, or he
removed it from the range, which, assuming the animal did
not belong to him, would be trespass only, and not larceny
at all; and hence it can not be said that the affidavit con-
tains any charge of larceny, or of "stealing an ox."—*Horton*

[Thompson v. Richardson.]

*v. State*, 53 Ala. 488; *Noble v. State*, 59 Ala. 73; *Mays v. State*, 89 Ala. 37.

Yet it may be that the charge of malicious prosecution could be based upon such a complaint, though it does not charge the offense of larceny, or any offense, indeed, known to the law. Its effect was to inaugurate a prosecution, and set in motion the arm of the criminal law against Richardson; and the operation of criminal administration upon him might be as oppressive and injurious as would have been the case had the charge of larceny been adequately stated. Indeed, the evidence in this record shows that the course and termination of the prosecution under this abortive effort to charge a crime were in all respects the same as had the effort been successful. But that is not the question we have here. It is not material to the point under consideration whether the plaintiff had a cause of action which could have been so alleged as to find support in the affidavit which the defendant made against him, but whether the cause of action which has in fact been alleged can be supported by the affidavit offered in evidence. And the answer must be in the negative. The averments are that defendant caused plaintiff's arrest on a charge of larceny, and that defendant caused plaintiff's arrest and imprisonment on a charge of stealing an ox. The affidavit offered to sustain these averments contains neither of the charges alleged; it did not tend to support the averment, but only to show that Thompson had charged Richardson either with stealing *or* removing the ox. The charge actually made as a basis for the arrest was, in other words, variant from the charge alleged to have been the basis therefor, and neither the affidavit itself, nor Taylor's testimony as to Thompson's having made it, should have been allowed to go to the jury.—*New Decatur v. Lande*, 93 Ala. 84; *Williams v. State*, 91 Ala. 14; *Pryor v. Louisville & Nashville R. R. Co.*, 90 Ala. 32; *Lynch v. State*, 89 Ala. 18; *Henry v. State*, 39 Ala. 679; *Aldridge v. State*, 88 Ala. 113; *A. G. S. R. R. Co. v. Thomas & Son*, 83 Ala. 343; *A. G. S. R. R. Co. v. Gradfelder*, 83 Ala. 200; *McCrummen v. Campbell*, 83 Ala. 566; *Jackson v. Bush*, 82 Ala. 396; *Wilkinson v. King*, 81 Ala. 156; *L. & N. R. R. Co. v. Johnston*, 79 Ala. 436; *S. & N. Ala. R. R. Co. v. Wilson*, 78 Ala. 587; *Chambers v. State*, 77 Ala. 80; *E. T., Va. & Ga. R. R. Co. v. Carloss*, 77 Ala. 443; *Webb v. Robbins*, 77 Ala. 176; *Webb v. Crawford*, 77 Ala. 440; 1 Brick. Dig. pp. 819–822, §§ 217, 220, 223, 239, 241, 242, 255, 263, and 265. The evidence adduced not sustaining either count of the complaint as to the charge on which plaintiff was arrested, or arrested and imprisoned, the

[Pollock & Co. v. Jones & Co.]

jury should have been instructed, without hypothesis, to return a verdict for the defendant.

The testimony of the witness Pringle as to the evidence introduced on the trial of Richardson before the justice of the peace should have been excluded. Conceding that the facts deposed to on that trial were admissible on this, on the issue of probable cause *vel non*, they should have been proved here by witnesses cognizant of them, and not by evidence that such witnesses deposed to them at another time and place and in another case and court. This was the merest hearsay, there being no question of impeachment, and apparently no purpose thereby to show conduct, testimony, and the like, on the part of Thompson at that trial which would afford an inference of malice.

It would be exceedingly harsh and illogical to indulge the presumption of theft against one found in the possession of recently stolen property, after he had given a reasonable and *satisfactory* explanation of how he came into the possession, showing, or sufficient to show, to the satisfaction of those charged with the duty of or engaged in the inquiry, that he came by it honestly. We understand that part of the court's general charge to which an exception was reserved to assert that such an explanation rebuts the *prima facie* presumption of guilt which springs from the naked fact of possession, and we do not think it is open to the objections now urged against it.

What we have said covers all the questions presented by this record which are likely to arise on another trial, should one be had, and we will not touch upon those points which are presented now, but need not arise again.

The judgment of the Circuit Court is reversed, and the cause remanded.

Reversed and remanded.