# CASES

IN THE

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM, 1895.

---

### Hubbard v. The State.

*Indictment for Illegal Sale or Gift of Liquor.*

1. *Sufficiency of indictment; selling or giving liquor.*—An indictment charging that the defendant sold or gave away spirituous, or vinous, or malt liquors, or intoxicating bitters, in Bibb County, without averring that the sale or gift was contrary to law, is insufficient to support a conviction, under the prohibition law prevailing in that county. (Sess. Acts, 1880–81, p. 187).

APPEAL from the Circuit Court of Bibb.
Tried before the HON. JOHN MOORE.

No counsel appeared for appellant.

WM. C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The indictment contains two counts. The first charges, in the alternative, that the defendant sold or gave away spirituous, or vinous, or malt liquors, or intoxicating bitters, in Bibb County, not concluding that the sale or gift was contrary to law. The second charges a sale only of spirituous, vinous, or malt liquors, without license, and contrary to law, and against the peace and dignity of the State of Alabama, and is in the form prescribed by the Code.—Cr. Code, p. 276, Form 78.

The evidence disproved a sale, and at most proved a mere gift. Whether the gift, under the attending circumstances, was a violation of the prohibition law pre-

vailing in Bibb County (Pamph. Acts, 1880–81, p. 187), is a question not now open for decision. The instruction given by the court below—that under the evidence a conviction could be had under the first count—is erroneous. That count is insufficient to support a conviction because of a gift, as it would be to support the alternative averment of a sale of spirituous, vinous, or malt liquors, etc.—insufficient, for the want of the essential averment, that the sale or gift was contrary to law. General as are the words of the local prohibition statute, there are sales or gifts which do not contravene them, and such sales or gifts the indictment, when in the alternative, must negative by the averment that each was contrary to law; otherwise, it does not disclose an indictable offense.—*Tarkins v. State*, MSS; *Williams v. State*, 91 Ala. 14.

All that need now be said, is, that the instruction given by the court was erroneous, because of the insufficiency of the first count to support a conviction.

The judgment is reversed, and the cause remanded. The defendant will remain in custody until discharged by due course of law.