(81 South. 591)

## CORONA COAL & IRON CO. v. CALLAHAN. (6 Div. 844.)

(Supreme Court of Alabama. April 17, 1919.)

1. PRINCIPAL AND AGENT ☞22(2)—PROOF OF AGENCY—DECLARATIONS OF AGENT.

Agency cannot be proven by the declarations of the agent, unless other evidence has been shown from which authority may be inferred.

2. PRINCIPAL AND AGENT ☞21—PROOF OF AGENCY—EVIDENCE—ADMISSIBILITY.

In an action for malicious prosecution for trespass, proof of what defendant's alleged agent testified to on the trial for the trespass was inadmissible to prove agency.

3. WITNESSES ☞379(8) — IMPEACHMENT — FORMER TESTIMONY—PROOF OF AGENCY.

In an action for malicious prosecution based upon a prosecution for trespass, wherein defendant's agents testified as to their agency, such agents, if denying the fact of agency, might have been contradicted by their evidence as given on the trial for the trespass constituting the basis of the suit.

4. EVIDENCE ☞151(1) — UNCOMMUNICATED INTENTIONS.

In a suit for malicious prosecution, it was error to allow plaintiff to testify to a secret or uncommunicated reason for changing his place of abode at the time of his arrest.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by Pat Callahan against the Corona Coal & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. F. Fite, of Jasper, for appellant.
Leith & Powell, of Jasper, for appellee.

MAYFIELD, J. Appellee sued appellant and another corporation of a similar name, Corona Coal Company. The complaint contained three counts. The first count was for false imprisonment; the second for malicious prosecution; and the third for assault and battery. The first and third counts were eliminated by instructions, to which action no objection is now made; and the other corporation is also eliminated by the affirmative instruction in its favor as to all the counts. The trial resulted in a verdict and judgment for the plaintiff, appellee, against the appellant corporation for $2,500.

The evidence showed, or tended to show, that appellee, the plaintiff below, was arrested under a warrant issued by a justice of the peace, and upon an affidavit made by one Earl Edgil, charging him with the offense of trespass after warning on the premises of appellant corporation. He was placed in the county jail under this arrest, after declining to make bond, remained there for a few hours, and was then released on making an appearance bond. The case was docketed against him in the county court of Walker county, and he was subsequently discharged by that court. The transcript from the county court, and certified copies of the affidavit and warrant of arrest, show that Earl Edgil, who made the affidavit, was a deputy sheriff of Walker county, and made the arrest as such officer, which is shown by the return on the warrant of arrest, introduced in evidence by the plaintiff.

The plaintiff claims, however, that this deputy sheriff was also the agent of appellant, or the other defendant corporation, in making the affidavit and in instituting the prosecution against the plaintiff. Unless he

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 200 Ala. 672.

was such agent for such purpose, no possible right of action was shown.

In fact, the main disputed question was, and is now, whether or not the deputy sheriff was acting as the agent of appellant, in instituting the criminal prosecution against appellee in the county court.

The plaintiff filed interrogatories to both of the defendants under the statute, and introduced the answers thereto in evidence. These answers denied the agency of the deputy sheriff in instituting the prosecution.

[1] The trial court allowed the plaintiff, over the objection of defendant, to prove the declarations of the alleged agent to prove agency, as well as the acts of the agent. The general rule of evidence is that agency cannot be proven by the declarations of the agent, though his declarations as to other matters on certain occasions may be admissible to prove other facts. There are some authorities to the effect that declarations of the agent are never admissible to prove the agency. This rule, however, is not adhered to in all its strictness by the more recent decisions of this court; but the rule is thus qualified by our decisions:

"Any declaration of the agent as to his authority would be admissible, when other evidence had been shown from which authority to do the thing may be inferred; or, if the trial court improperly admitted declarations of the agent, the error would be cured by evidence subsequently introduced from which authority might be inferred, and in case such evidence was introduced the question of authority would become one of fact for the determination of the jury. Birmingham R. R. Co. v. Tenn. Co., 127 Ala. 137, 28 South. 679." Eagle Iron Co. v. Baugh, 147 Ala. 613, 41 South. 663.

So there was no reversible error in allowing the declarations of the agent at the time of the arrest, or giving the warnings or instituting the prosecution, as for whom he was acting; there being other evidence to show agency.

[2] There was reversible error, however, in allowing proof of what the alleged agent and the witness Pill testified on the trial of plaintiff for the alleged trespass. If it be conceded that both of these witnesses were agents, general or special, of the defendant, this testimony was not binding on this defendant in this trial. The only purpose for which it would be competent on this trial would be to impeach the witnesses on this trial, and it was not offered or admitted for such purpose, but as original evidence to prove agency, and for this purpose it was purely hearsay, and not a part of the res gestæ of agency, and when not acting as agents for any one, but as witnesses in court on a trial of the state against plaintiff.

[3] The proper course to have proved agency by these witnesses on this trial would have been to prove it by the witnesses themselves, and if on this trial they denied it, then their testimony on the former trial, if proper predicate was made, would have been admissible. Yarbrough Co. v. Taylor, 201 Ala. 434, 78 South. 812; Thompson v. Richardson, 96 Ala. 488, 11 South. 728; Porter v. L. & N. R. R. Co., ante, p. 139, 79 South. 605.

[4] It was likewise reversible error to allow plaintiff to testify as to his secret or uncommunicated purpose, reason, intention, or motive in changing his boarding place or moving from one place to another about the time of his arrest. The defendant should not be bound or prejudiced by such evidence. Whatever be the rule elsewhere, it is well settled in this state that witnesses are not permitted to testify to their motive, belief, or intention, when secret and uncommunicated; such mental status, when relevant, being a matter of inference to be determined from the circumstances and other facts of the case by the jury. McCormick v. Joseph, 77 Ala. 240.

As the case must be reversed, it is unnecessary to decide the other questions as they may arise on another trial.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.