BOWEN, Judge.
John Edward Hooper was convicted of two counts of second degree rape and was sentenced to five years’ imprisonment on each conviction. Although Hooper raises nine issues in this appeal from his convictions, we need address only two.
Hooper was originally tried and convicted of these crimes in September 1985. His convictions were subsequently reversed because the prosecutor had asked improper questions of character witnesses on cross- *134 examination. Hooper v. State, 523 So.2d 469 (Ala.Cr.App.1986). Hooper was retried and was again convicted in September 1988. Prior to this second trial, the prose-cutrix, Hooper’s daughter, recanted her allegations.[1] She also refused to testify against Hooper at the retrial. It is undisputed that before the second trial the State was aware that she had recanted her stories and would not testify against him.
The prosecutrix was the first witness to testify at the retrial. At the request of the State and over Hooper’s objection, she was called as the court’s witness and, in response to specific questions posed by the court, flatly denied that Hooper had committed the acts with which he was charged. Hooper then made a motion for judgment of acquittal, which was denied. The State was thereafter permitted to cross-examine the prosecutrix with respect to her testimony at the first trial. In this manner the State elicited that the prosecutrix had previously testified that Hooper did engage in sexual intercourse with her on the dates alleged in the indictment. The State also elicited the prosecutrix’s testimony from the first trial concerning the details of these acts and other sexual acts between her and Hooper.
At the second trial, a school counselor, a social worker, and three friends of the prosecutrix testified that the prosecutrix had previously told them that Hooper had engaged in sexual intercourse with her. A clinical psychologist, who had interviewed the prosecutrix only once, was called by the State and testified that the prosecutrix exhibited characteristics of a sexually abused child. There was no eyewitness testimony and the medical evidence indicated only that the prosecutrix’s physical condition was consistent with having engaged in sexual intercourse.[2] At the second trial, the only evidence incriminating Hooper was the prosecutrix’s prior inconsistent testimony and her prior inconsistent statements made to the counselor, the social worker, and the three friends.
Hooper’s renewed motion for judgment of acquittal, made after the prosecution rested, was denied by the trial court. In his defense, Hooper denied raping or otherwise sexually molesting his daughter.
I
Hooper contends, and we agree, that the trial court erred in giving the following instruction to the jury:
“Now, the prior testimony of [the prose-cutrix] given in September of 1985 while she was under oath and subject to cross-examination can be used by you as substantive evidence of the facts stated by her during her prior testimony to prove or disprove the innocence or guilt of the Defendant John Edward Hooper of the offenses alleged in the indictment.”
This instruction was given at the State’s request and in reliance on dicta contained in this court’s opinion in Randolph v. State, 348 So.2d 858 (Ala.Cr.App.), cert. denied, 348 So.2d 867 (Ala.1977).
Contrary to the dicta contained in Randolph, 348 So.2d at 866, the Alabama Supreme Court clearly stated in Lester v. Jacobs, 212 Ala. 614, 618, 103 So. 682, 686 (1925): “The general rule in this jurisdiction is that the testimony given on a former trial by a witness at the last trial is only admissible, after a proper predicate, for the purpose of contradiction or impeachment; it is not competent as cumulative or original evidence.” (Emphasis added.) Accord, Manning v. State, 217 Ala. 357, 359, 116 So. 360, 361 (1928) (testimony given at a preliminary hearing could have been introduced, “not as original evidence of fact, but for the purpose of testing the recollection of the witness, or for impeachment”) (emphasis added); Porter v. Louis *135 ville & Nashville R.R., 202 Ala. 139, 142, 79 So. 605, 608 (1918) (“In no event could [the prior testimony] have been received as original evidence ..., nor do we assume that it was offered for that purpose”) (emphasis added). Cf. Corona Coal & Iron Co. v. Callahan, 202 Ala. 649, 650, 81 So. 591, 592 (1919) (in suit for malicious prosecution, it was reversible error to admit testimony from the underlying trial as original evidence); E.E. Yarbrough Turpentine Co. v. Taylor, 201 Ala. 434, 435, 78 So. 812, 813 (1918) (same); Thompson v. Richardson, 96 Ala. 488, 492, 11 So. 728, 729 (1892) (same). In the event a witness’s inconsistent testimony from a prior trial is admitted, the jury should be clearly instructed that this testimony may be considered for impeachment purposes only and not as independent or original evidence. See Manning v. State, 217 Ala. at 359, 116 So. at 362; Kennedy v. State, 85 Ala. 326, 331, 5 So. 300, 301 (1888).
The rationale advanced by the Alabama courts for holding prior inconsistent statements, even those given as testimony in a prior proceeding, inadmissible as substantive evidence is that such statements are “purely hearsay.” Corona Coal & Iron Co. v. Callahan, 202 Ala. at 650, 81 So. at 592. Accord, Thompson v. Richardson, 96 Ala. at 492, 11 So. at 729 (“merest hearsay”). The Federal Rules of Evidence offer a different view with regard to prior inconsistent statements “given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition.” Fed.R.Evid. 801(d)(1)(A). Rule 801(d)(1)(A) provides that such a statement is not hearsay where made by a witness who testifies at the present trial and who is subject to cross-examination concerning the prior statement. Several states have adopted this federal rule or a version thereof. See generally 4 D. Louisell & C. Mueller, Federal Evidence § 410 (1980 & Supp. 1989) (State Adoptions of Rule 801).
In Randolph v. State, 348 So.2d at 863-64, this court reversed the defendant’s conviction because the trial court had failed to specifically instruct the jury that the prior inconsistent testimony of the State’s primary witness, which had been offered for impeachment purposes, could not be considered as substantive evidence. Through an opinion authored by the late Leigh M. Clark, Supernumerary Circuit Judge, we questioned the soundness of this aspect of Alabama law. Some Alabama commentators later described Randolph as documenting “widespread dissatisfaction with the traditional rule,” which is followed in Alabama, and as citing the cases and writings of many judges and scholars who “have pressed for repudiation of the rule that prior inconsistent statements of a non-party witness have no substantive consequence in a present trial.” Gamble, Howard, & McElroy, The Turncoat or Chameleonic Witness: Use of His Prior Inconsistent Statement, 34 Ala.L.Rev. 1, 18 (1983) (footnotes omitted) (citing Randolph, 348 So.2d at 864). We also discussed Federal Rule 801(d)(1)(A) and the history of its adoption. Randolph, 348 So.2d at 865-66. Recognizing the incongruity in permitting a witness’s prior testimony to be admitted as substantive evidence when the witness is unavailable at the second trial, but not when the witness changes his or her testimony, we indicated our preference for permitting the introduction of a witness’s prior inconsistent statement as substantive evidence when the pri- or inconsistent statement was “made while testifying under oath on a former trial, with the opportunity for cross-examination.” 348 So.2d at 866. We offered two “[sjolid and cogent reasons,” id., for our preference:
“(a) [T]he prior statement was made nearer in time to the occurrence, event, or other matter to which it relates, and therefore when the witness’ recollection would be fresher and better, and
“(b) [T]he prior statement is less likely to have been influenced by pressure arising from the controversy, including the cajolery or corruption of, or other tampering with, the witness.” Id.
However, our reversal of Randolph’s conviction was grounded on existing Alabama law and the remainder of our discussion in that case was purely dictum. Dictum, of course, is merely persuasive and has no *136 precedential value. See Knight v. State, 273 Ala. 480, 486, 142 So.2d 899, 905 (1962); Roquemore v. Sovereign Camp W.O.W., 226 Ala. 279, 282, 146 So. 619, 622 (1933). While we continue to adhere to the view that the Alabama Supreme Court should adopt the federal rule or some version thereof,[3] this court is not at liberty to take such action. The Alabama Supreme Court cases cited at the outset of this discussion have not been overruled or otherwise modified by that court.[4] This court is bound by the decisions of the Alabama Supreme Court, § 12-3-16, Ala.Code (1975), and may not “overturn or change [those decisions] in any manner.” Passmore v. State, 47 Ala.App. 189, 191, 252 So.2d 115, 116 (1971) (emphasis added). In light of those cases, we have no alternative to the conclusion that the trial court erred in instructing the jury that the prior inconsistent statement of the prosecutrix could be considered substantive evidence.
II
Hooper asserts that the evidence was insufficient to sustain his convictions. In light of our discussion in Part I, above, we are constrained to agree.
In order to convict Hooper of second degree rape, the State had to prove that Hooper engaged in sexual intercourse with the prosecutrix while she was between the ages of 12 and 16. See § 13A-6-62, Ala. Code (1975). As previously noted, the only evidence incriminating Hooper was the prosecutrix’s prior inconsistent testimony and her prior inconsistent statements made to a school counselor, a social worker, and three of her friends.[5] In fact, the only actual evidence that a crime had been committed was the prior inconsistent testimony and statements. The substantive evidence contained in this record is the prosecutrix’s testimony that Hooper did not commit the acts charged in the indictment. Under these facts, we must conclude that the evidence was insufficient to sustain the convictions.
Where an appellate court concludes that the evidence is insufficient to sustain the jury verdict, the Double Jeopardy Clause of the Fifth Amendment prohibits a retrial of the defendant on the same charge. Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978). We are aware that the United States Supreme Court has also held that “the Double Jeopardy Clause allows a retrial where the reviewing court determines that a defendant’s conviction must be reversed because evidence was erroneously admitted against the defendant, even where the court also concludes that without the inadmissible evidence there was insufficient evidence to support a conviction. Lockhart v. Nelson, 488 U.S. 33, 40, 109 S.Ct. 285, 290, 102 L.Ed.2d 265 (1988).” Fortier v. State, 564 *137 So.2d 1041, 1042-1043 (1990). However, we find Lockhart distinguishable from the case at bar.
In Lockhart, there was other evidence, aside from the inadmissible evidence, against the defendant. The defendant, Nelson, was given an enhanced sentence under an Arkansas statute which required the prosecutor to prove beyond a reasonable doubt four prior felony convictions. The prosecutor introduced evidence of four prior convictions; however, one of these convictions had been pardoned by the governor, and was therefore null and void. Although Nelson stated at the sentencing hearing that he thought the conviction had been pardoned, there was no actual objection to the introduction of the conviction. 488 U.S. at 36,109 S.Ct. at 288. Therefore, the Court was able to conclude:
“Permitting retrial in this instance is not the sort of governmental oppression at which the Double Jeopardy Clause is aimed; rather, it serves the interest of the defendant by affording him an opportunity to *obtai[n] a fair readjudication of his guilt free from error.’ Had the defendant offered evidence at the sentencing hearing to prove that the conviction had become a nullity by reason of the pardon, the trial judge would presumably have allowed the prosecutor an opportunity to offer evidence of another prior conviction to support the habitual offender charge. Our holding today thus merely recreates the situation that would have been obtained if the trial court had excluded the evidence of the conviction because of the showing of a pardon.” 488 U.S. at 42, 109 S.Ct. at 291 (citations omitted) (emphasis added).
In the case at bar, the only indication that Hooper had committed the crime with which he was charged (in fact, the only indication that a crime had been committed at all), was the prior inconsistent testimony of the prosecutrix. While this evidence was admissible for impeachment purposes, it was not admissible as substantive evidence and on this ground Hooper objected numerous times to its admission. Had the trial court properly excluded this evidence from consideration as substantive evidence, the State, in this particular rape trial, simply had no case. The substantive evidence contained in the record is the pros-ecutrix’s testimony that there were no acts of sexual intercourse between her and Hooper.
Remanding a case for retrial under Lock-hart “recognizes that the State may have additional evidence that it did not produce in reliance upon the strength of the erroneously admitted evidence.... However, where it appears from the record that the State produced all available significant evidence at trial and the State does not suggest it has more, an appellate court should remand for the entry of a judgment of acquittal.” State v. Baker, 228 N.J.Super. 135, 549 A.2d 62, 66 (1988). Cf. Isbell v. State, 57 Ala.App. 444, 450-51, 329 So.2d 133, 138, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976) (where the only evidence incriminating to the defendant was the pri- or inconsistent statement of a prosecution witness, “a limiting instruction would not be appropriate, since the insufficiency of the evidence would not justify the case being submitted to the jury, unless it be submitted on the affirmative charge requested by the defendant”).
For the reasons stated above, the judgment of the Escambia Circuit Court is reversed and the cause remanded for the entry of a judgment of acquittal.
REVERSED AND REMANDED.
All Judges concur.

. The prosecutrix had initially made a complaint against Hooper in January 1985, at which time she was 13 years old. It appears from the record that, beginning the month after making her complaint, she has periodically recanted her story.

. The prosecutrix testified at the second trial that, prior to 1985, she had had sexual intercourse three or four times with one of her brother’s friends. This friend was called as a prosecution witness and denied having ever engaged in sexual intercourse with the prosecu-trix.

. As discussed in Randolph, the original proposal of Rule 801(d)(1)(A) required that the prior inconsistent statement have been made under oath and subject to cross-examination. 348 So.2d at 865. Rule 801(d)(1)(A), as ultimately enacted, does not require that the prior statement have been subject to cross-examination, nor is it restricted to statements made at a prior trial. In any event, as noted below, this court is without authority to effect a change in this aspect of Alabama law. In view of this fact, we see little point in entering upon a discussion of the relative merits of the federal rule as opposed to the modified rule proposed in Randolph. We do note that the Randolph proposal was greeted with approval by commentators. Gamble, Howard, & McElroy, supra, at 16-21.

. The Supreme Court denied the petition for writ of certiorari filed by the State in Randolph, without opinion or comment. Ex parte State ex rel. Attorney General, 348 So.2d 867 (Ala.1977). The denial of a petition for writ of certiorari “does not necessarily indicate [the Supreme Court's] approval of all the language used or all of the legal conclusions contained in the opinion sought to be reviewed.” Morrison v. Morrison, 287 Ala. 343, 251 So.2d 764, 765 (1971). Accord, Ex parte Glasco, 513 So.2d 61 (Ala. 1987); Ex parte McDaniel, 418 So.2d 934, 935 (Ala. 1982). "A denial of certiorari should never be considered as an expression by the reviewing court on the merits of the controversy." Ex parte Buse, 549 So.2d 1344 (Ala.1989). We certainly cannot construe the denial of the writ in Randolph as an implicit overruling of the Supreme Court cases cited earlier.

.The extrajudicial statements to the counselor, social worker, and friends clearly were admissible only for impeachment purposes and not as substantive evidence. E.g., Ex parte Brown, 499 So.2d 787, 791 (Ala.1986); Cloud v. Moon, 290 Ala. 33, 37, 273 So.2d 196, 199 (1973); Isbell v. State, 57 Ala.App. 444, 450, 329 So.2d 133, 138, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976). The State does not contend otherwise.