MOORE, Judge.
Elizabeth Crocker appeals from an order of the Jefferson Circuit Court (“the trial court”) concluding that § 12-21-45, Ala.Code 1975, has been abrogated by the Alabama Rules of Evidence. We reverse.
On November 23, 2006, Jonathan Gram-mer was involved in a motor-vehicle accident with Crocker. On November 10, 2008, Grammer filed a complaint in the trial court against Crocker, Allstate Insurance Company (“Allstate”), who was Grammer’s uninsured- and/or underin-sured-motorist insurer, and a number of fictitiously named defendants. Grammer asserted claims of negligence and wantonness against Crocker and the fictitiously named defendants and a claim for uninsured/underinsured-motorist benefits against Allstate. Allstate filed an answer to Grammer’s complaint on December 3, 2008; Crocker filed an answer on December 9, 2008. On August 5, 2009, Allstate filed a motion to opt out of the case, noting that it was electing to opt out and to be bound by the fact-finder’s decision on the issues of liability and damages; the trial court granted that motion on February 24, 2010. See Lowe v. Nationwide Ins. Co., 521 So.2d 1309, 1310 (Ala.1988).
At the outset of the trial on March 9, 2010, Grammer orally moved the trial court to suppress any evidence regarding third-party payments of Grammer’s medical expenses. The trial court orally granted that motion, and, on March 10, 2010, it entered a detailed written order, entitled “notice and order regarding medical damages,” explaining its reason for granting the motion. In that order, the trial court determined that § 12-21-45, Ala.Code 1975, “no longer applies, having been superseded by the Alabama Rules of Evidence, and that the collateral source rule is accordingly revived to govern a plaintiffs medical damages in a general personal *1192 injury case such as this one.” (Emphasis omitted.) Based on that reasoning, the trial court ruled that any evidence of payments by a third party of Grammer’s medical expenses would be excluded from the trial as being irrelevant and unduly prejudicial.
The case was tried before a jury beginning on March 9, 2010. On March 10, 2010, the trial court entered a written order confirming the oral rulings it had made on motions and proposed jury instructions; the trial court noted, among other things, that Crocker’s oral motions for a judgment as a matter of law as to Grammer’s claim of wantonness had been denied. On March 11, 2010, the trial court entered a judgment on the jury’s verdict in favor of Grammer and against Crocker and awarded damages to Grammer in the amount of $36,500.
Crocker filed a motion for a new trial on April 12, 2010, asserting, among other things, that the trial court had improperly prohibited her from offering evidence indicating that Grammer’s medical bills had been paid by a collateral source.[1] The trial court entered an order denying Crocker’s motion for a new trial on June 4, 2010. Crocker filed her notice of appeal to this court on July 9, 2010; this court granted oral argument in this case, which was held on June 29, 2011.
On appeal, Crocker argues that the trial court erred by failing to comply with § 12-21^45. Because our review of a trial court’s interpretation of a statute presents only a question of law, our review is de novo. See Madaloni v. City of Mobile, 37 So.3d 739, 742 (Ala.2009).
In Schoenvogel v. Venator Group Retail, Inc., 895 So.2d 225 (Ala.2004), our supreme court, in holding that Rule 601, Ala. R. Evid., superseded Alabama’s Dead Man’s Statute, § 12-21-163, Ala.Code 1975, stated that “when [the Supreme] Court adopted the Alabama Rules of Evidence effective January 1, 1996, those rules supplanted and superseded any provisions of Title 12 of the Code of Alabama 1975 inconsistent with those rules.... ” 895 So.2d at 235 (emphasis added). When the supreme court adopted the Alabama Rules of Evidence in 1996, § 12-21-45 provided, in pertinent part, as it does today:
“(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiffs medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence. In such actions upon admission of evidence respecting reimbursement or payment of medical or hospital expenses, the plaintiff shall be entitled to introduce evidence of the cost of obtaining reimbursement or payment of medical or hospital expenses.”
The trial court in the present case concluded that § 12-21-45 is inconsistent with Rules 401 and 402 of the Alabama Rules of Evidence and, therefore, that it no longer applies.
Rule 401 provides:
“ ‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”
Rule 402 provides, in pertinent part, that “[e]vidence which is not relevant is not *1193 admissible.” The trial court reasoned that § 12-21-45 conflicts with Rules 401 and 402 because it makes evidence of third-party payments of certain medical and hospital expenses admissible even though such evidence does not meet the definition of “relevant evidence.” In that reasoning, the trial court erred.
Under the common-law collateral-source rule, “an amount of damages is not decreased by benefits received by a plaintiff from a source wholly collateral to and independent of the wrongdoer.” Williston v. Ard; 611 So.2d 274, 278 (Ala.1992). Based on that substantive rule of law, see American Legion Post No. 57 v. Leakey, 681 So.2d 1337, 1343 (Ala.1996), overruled on other grounds by Marsh v. Green, 782 So.2d 223 (Ala.2000) (holding that the collateral-source rule “as a whole is a rule of substantive law,” but one that contains a procedural component (emphasis omitted)), evidence of third-party payments of medical and hospital expenses was not admissible in personal-injury actions because such evidence was irrelevant to the issue of the appropriate measure of damages and unduly prejudicial to the plaintiff if used for other purposes. See, e.g., Smith v. Springsteen, 385 So.2d 56, 58 (Ala.1980); and Gribble v. Cox, 349 So.2d 1141, 1143 (Ala.1977).
Section 12-21-45 modifies the substantive component of the collateral-source rule. See Melvin v. Loots, 23 So.3d 666, 669 (Ala.Civ.App.2009). Whereas under the common-law collateral-source rule a jury could not in any case decrease the amount of damages awarded on account of a plaintiffs receipt of third-party payments of medical and hospital expenses, under § 12-21-45 a jury can now decide, based on the unique facts of each case, whether such a reduction would be appropriate. See Senn v. Alabama Gas Corp., 619 So.2d 1320, 1325 (Ala.1993). Section 12-21-45 does not dictate any particular outcome, but, rather, it allows a jury to make its own informed decision as to the effect of third-party payments of medical and hospital expenses on a plaintiffs recovery. See Marsh, 782 So.2d at 233 n. 2 (noting that § 12-21-45 allows both sides an opportunity to explore the equities of reducing a personal-injury award based on third-party payments of medical and hospital expenses). In some cases, a jury might adopt the underlying philosophy behind the collateral-source rule that it is unfair for a tortious wrongdoer to receive the benefit of third-party payments, see Leakey, 681 So.2d at 1338, while in other cases a jury may decide that it is the plaintiff who would receive an undue windfall if the damages were not reduced to account for the compensation the plaintiff had already received in the form of third-party payments. Marsh, supra.
In any case, under § 12-21-45, evidence of third-party payments of a plaintiffs medical and hospital expenses would be relevant to the determination of the appropriate award of damages, i.e., a “fact that is of consequence to the determination of the action.” Rule 401, Ala. R. Evid. Hence, § 12-21-45 does not conflict with Rule 401 or Rule 402. Rather, § 12-21-45 conforms to those rules by making evidence relating to a matter of consequence in every personal-injury action — the measure of damages — per se admissible.
The trial court also references Rule 403, Ala. R. Evid., in its order, and Gram-mer asserts on appeal that § 12-21-45 conflicts with Rule 403. We conclude that § 12-21-45 does not conflict with Rule 403. That rule provides:
“Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, *1194 or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”
Section 12-21-45(a) specifically allows plaintiffs to introduce evidence of the cost, if any, of obtaining reimbursement or payment of medical or hospital expenses. In addition, § 12 — 21—45(c) permits plaintiffs to introduce evidence that they will have to reimburse a third party who has paid their medical or hospital expenses from any damages award. See Bruno’s Supermarkets, Inc. v. Massey, 914 So.2d 862, 867 (Ala.Civ.App.2005). Through introduction of that evidence, a plaintiff can ameliorate any prejudice from the introduction by the defendant of third-party payments of medical and hospital expenses. The statute therefore provides its own mechanism for assuring that a plaintiff is not unduly prejudiced by admission of evidence of third-party payments of medical and hospital expenses.
No rule of evidence expressly supersedes § 12-21-45, and Grammer has not directed this court to any rule that directly conflicts with § 12-21-45 so as to impliedly abrogate that statute.[2] Thus, we conclude that the adoption of the Alabama Rules of Evidence did not in any way diminish the effect of § 12-21-^15.[3] Crocker should have been allowed to introduce into evidence third-party medical and hospital payments made on behalf of Grammer, and she should have been allowed to argue to the jury that Grammer⅛ damages should be reduced on account of those payments.[4]
We reverse the judgment of the trial court and remand the case for a new trial and for such further proceedings as are consistent with this opinion.[5]
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs specially.

. "A motion for a new trial should be filed not later than thirty (30) days after the entry of the judgment.” Rule 59(b), Ala. R. Civ. P. The 30Ü1 day following the entry of the trial court's judgment on March 11, 2010, was Saturday, April 10, 2010. Thus, Crocker’s motion filed on Monday, April 12, 2010, was timely. See Rule 6(a), Ala. R. Civ. P.

. We note that the Alabama Court of Criminal Appeals recently determined in M.L.H. v. State, [Ms. CR-09-0649, July 8, 2011] - So.3d-(Ala.Crim.App.2011), that the Alabama Rules of Evidence superseded portions of the Child Physical and Sexual Abuse Victim Protection Act ("the Act”), § 15-25-30 et seq., Ala.Code 1975, regarding the admission of certain hearsay statements. Because the Rules of Evidence governing the admissibility of hearsay statements directly conflict with the provisions of the Act cited in M.L.H., see — So.3d at --, that case is distinguishable from the present case, in which we conclude that no direct conflict exists between § 12-21-45 and the Alabama Rules of Evidence.

. For that reason, we need not determine whether the Alabama Supreme Court had the constitutional authority to "overrule” § 12-21-45 under its general authority to alter procedural statutory laws, but not substantive statutory laws. See Schoenvogel, supra (discussing supreme court's authority to alter procedural statutory laws, but not substantive statutory laws, by adopting an inconsistent court rule).

. It appears from the record that Grammer exhibited to the jury a document illustrating some payments made by a third party; however, Crocker was not allowed to introduce her own evidence on that point or to argue the effect of the third-party payments on Grammer's damages award. Hence, we reject any contention that the trial court committed harmless error in this case.

. Grammer has requested this court to address issues relating to the nature of the evidence Crocker intended to introduce at trial and its impact on the extent of Grammer’s recovery. However, those issues are not ripe for our consideration, and we decline to address them at this stage of the proceedings.