STUART, Justice.
This case involves the admissibility into evidence of a child witness’s prior inconsistent out-of-court statements. Pursuant to Rule 39(a)(1)(C), Ala. RApp. P., this Court granted the State’s petition for a writ of certiorari to address “a material question ... of first impression”: Whether § 15-25-31, Ala.Code 1975, a part of the Child Physical and Sexual Abuse Victim Protection Act, § 15-25-30 et seq., Ala.Code 1975 (“the Act”), conflicts with the Alabama Rules of Evidence, specifically Rule 801(d)(1)(A), Ala. R. Evid. In M.L.H. v. State, 99 So.3d 894 (Ala.Crim.App.2011), the Court of Criminal Appeals held that an “inherent tension” existed between § 15-25-31, insofar as it permits a prior inconsistent out-of-court statement of a child witness to be “considered substantive evidence of the facts asserted therein,” and Rule 801(d)(1)(A), Ala. R. Evid., which defines certain prior inconsistent statements as nonhearsay. For the reasons stated below, we reverse the judgment of the Court of Criminal Appeals.

Facts and Procedural History

M.L.H. was charged with first-degree sodomy, a violation of § 13A-6-63, Ala. Code 1975, and first-degree sexual abuse, a violation of § 13A-6-66, Ala.Code 1975. M.L.H. applied for and was granted youthful-offender status. At the bench trial, L.H., the child victim, testified. The State also presented testimony from L.H.’s mother; Dr. Allison Cunningham, a pediatrician who had examined L.H.; Sharon Whitfield, a forensic interviewer who had interviewed L.H.; Dr. Michael Taylor, another pediatrician who had examined L.H.; and Terry Osberry, a licensed professional counselor who had interviewed L.H. Each of those witnesses testified regarding prior out-of-court statements that L.H. had made to him or her that were inconsistent with L.H.’s trial testimony concerning how much M.L.H. had touched him.
M.L.H. was adjudicated a youthful offender based on the trial court’s finding that he was guilty of first-degree sodomy, and he was sentenced accordingly. M.L.H. appealed, and the Court of Criminal Appeals determined that L.H.’s prior out-of-court statements, although admissible as substantive evidence under § 15-25-31, were inadmissible as substantive evidence under Rule 801. 99 So.3d at 899. Determining that there was an “inherent tension” between § 15-25-31 and Rule 801(d)(1)(A), the Court of Criminal Appeals applied this Court’s rationale and holding in Schoenvogel v. Venator Group Retail, Inc., 895 So.2d 225 (Ala.2004), to determine that the Alabama Rules of Evi *913 dence have “supplanted and superseded” any provisions of the Act that are “inconsistent with those rules.” 99 So.3d at 908-09. Therefore, the Court of Criminal Appeals held that L.H.’s prior inconsistent out-of-court statements were inadmissible as substantive evidence under Rule 801(d)(1)(A), and that court reversed the trial court’s judgment and remanded the cause for a new trial. 99 So.3d at 910-11.

Standard of Review

The dispositive issue raised in this case — whether § 15-25-31 conflicts with Rule 801(d)(1)(A) — presents a pure question of law. “When an appellate court is presented with a pure question of law, the court’s review is de novo.” Reck v. State, 84 So.3d 155,156 (Ala.2011).

Discussion

The State contends that the Court of Criminal Appeals erred in determining that there is an “inherent tension” between § 15-25-31, Ala.Code 1975, and Rule 801(d)(1)(A), Ala. R. Evid., and in then holding that Rule 801(d)(1)(A), and not § 15-25-31, governs the admissibility of a child witness’s prior inconsistent out-of-court statements. 99 So.3d at 900. In M.L.H., the Court of Criminal Appeals stated:
“Neither this Court nor the Alabama Supreme Court has addressed a claim involving the interplay of the Act and Rule 801, Ala. R. Evid., in the context of a child who testifies at trial in a manner inconsistent with the child’s pri- or statements. In order to resolve whether the circuit court properly considered as substantive evidence L.H.’s hearsay statements, we must determine whether under the Act, the circuit court could consider L.H.’s hearsay statements as substantive evidence of M.L.H.’s guilt. If we conclude that it could, we must next determine whether the circuit court could consider L.H.’s hearsay statements as substantive evidence of M.L.H.’s guilt under Rule 801(d)(1)(A). If we conclude that under Rule 801(d)(1)(A) the court could not, then a conflict exists between that statute and Rule 801(d)(1)(A). We must then determine whether the statute or Rule 801(d)(1)(A) controls the permissible use of the hearsay statements.”
99 So.3d at 899 (emphasis added).
Generally, a witness’s prior inconsistent statement is admissible to impeach the witness’s credibility but is not admissible as substantive evidence of the matter asserted. See generally Charles W. Gamble and Robert J. Goodwin, McElroy’s Alabama Evidence § 159.02(1) (6th ed.2009). As the Court of Criminal Appeals correctly noted:
“ ‘A self-contradictory statement by a witness who is not a party, whether testified to by the witness during questioning or proven extrinsically by others, generally is not substantive evidence of the matter asserted. The statement customarily operates only to impeach or discredit the witness and has no other effect; in particular, such statement cannot be the basis of a finding of fact necessary to the establishment of civil or criminal liability or a defense to either.’ ”
99 So.3d at 901 (quoting McElroy’s Alabama Evidence § 159.02(1)). “The rationale advanced by the Alabama courts for holding prior inconsistent statements ... inadmissible as substantive evidence is that such statements are ‘purely hearsay.’ ” Hooper v. State, 585 So.2d 133, 135 (Ala.Crim.App.1990) (citing Corona Coal & Iron Co. v. Callahan, 202 Ala. 649, 650, 81 So. 591, 592 (1919)), rev’d on other grounds, Hooper v. State, 585 So.2d 137 (Ala.1990).
*914 “Hearsay” is defined in Rule 801(c), Ala. R. Evid., as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” Rule 801(d)(1) “lists several types of statements that traditionally would have fallen within the definition of hearsay. These statements, however, are declared arbitrarily not to be hearsay.” Rule 801, Advisory Committee’s Notes. Specifically, Rule 801(d)(1) provides:
“(d) Statements That Are Not Hearsay. A statement is not hearsay if—
“(1) Prior Statement by Witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant’s testimony, was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the declarant’s testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.”
(Emphasis added.) Thus, under Rule 801(d)(1)(A), certain types of prior inconsistent statements have been exempted from the definition of hearsay and, consequently, are admissible as substantive evidence. However, Rule 801(d)(1)(A) does not govern the substantive admissibility of all prior inconsistent statements.
If a witness’s prior inconsistent statement does not fall within the category of statements exempted from the definition of hearsay by Rule 801(d)(1)(A) — in other words, if the witness’s prior inconsistent statement is, in fact, hearsay — then the admissibility of the statement is governed by Rule 802, Ala. R. Evid., Alabama’s “Hearsay Rule.” Rule 802 provides: “Hearsay is not admissible except as provided by these rules, or by other rules adopted by the Supreme Court of Alabama or by statute.” (Emphasis added.) By definition, if a hearsay statement is admissible under an exception to Rule 802, it is admissible as substantive evidence — i.e., “to prove the truth of the matter asserted.” Rule 801(c); see, e.g., Biles v. State, 715 So.2d 878, 887 (Ala.Crim.App.1997) (quoting and relying upon Advisory Committee’s Notes to Rule 803(4), Ala. R. Evid., which state that, under the hearsay exception expressed in Rule 803(4), “all statements serving reasonably as the basis of diagnosis or treatment” are “admitted as substantive proof of the matter asserted”), and Gwarjanski v. State, 700 So.2d 357, 359 (Ala.Crim.App.1996) (noting that a logbook that was “admissible into evidence under the business records exception to the hearsay rule ... could be considered as substantive evidence”). Section 15-25-31, the section of the Act the Court of Criminal Appeals determined conflicts with Rule 801(d)(1)(A), creates a statutory exception to the hearsay rule. T.P. v. State, 911 So.2d 1117, 1123 (Ala.Crim.App.2004); see also Charles W. Gamble, Gamble’s Alabama Rules of Evidence § 802, Author’s Statement of the Rule n. 3 (2d ed.2002). Therefore, if a hearsay statement, even a prior inconsistent out-of-court statement, falls within the parameters of § 15-25-31 and satisfies the other requirements of the Act, it is admissible as substantive evidence.
In Part I.A. of its opinion in M.L.H., entitled “The substantive use of hearsay statements admitted under the Act,” 99 So.3d at 899, the Court of Criminal Appeals stated:
“Section 15-25-31 provides:
“ ‘An out-of-court statement made by a child under 12 years of age at the time of the proceeding concerning an act that is a material element of any *915 crime involving child physical offense, sexual offense, and exploitation, as defined in Section 15-25-89, [Ala.Code 1975,] which statement is not otherwise admissible in evidence, is admissible in evidence in criminal proceedings, if the requirements of Section 15-25-32, [Ala.Code 1975,] are met.’
“Section 15-25-39 provides:
“ ‘For purposes of this article, a “child physical offense, sexual offense, and exploitation” is defined to include the following crimes, when one or more of the victims is a child under the age of 12:
[[Image here]]
“ ‘(2) Sodomy in any degree.
“ ‘(3) Sexual abuse in any degree.’
“Section 15-25-32(1) states:
“ ‘An out-of-court statement may be admitted as provided in Section 15-25-31, if: (1) The child testifies at the proceeding, or testifies by means of video tape deposition as provided by Section 15-25-2, [Ala.Code 1975,] or testifies by means of closed circuit television as is provided in Section 15-25-3, [Ala.Code 1975,] and at the time of such testimony is subject to cross-examination about the out-of-court statements.’
“This Court has frequently recognized the substantive use of evidence admitted pursuant to the Act. See, e.g., Edwards v. State, 612 So.2d 1282 (Ala.Crim.App.l992)(hearsay statements made by a seven-year-old rape victim to her mother, a physician, and a social worker); King v. State, 929 So.2d 1032 (Ala.Crim.App.2005) (hearsay statements made by child sexual-abuse victim to two child-advocacy counselors).
“Here, M.L.H. faced charges of first-degree sodomy and first-degree sexual abuse, two charges contemplated by § 15-25-39(2) and (3), Ala.Code 1975. The statements L.H. made to his mother, to Dr. Taylor, to Sharon Whitfield, and to Terry Osberry, which were repeated by the respective witnesses at trial, regarding M.L.H.’s inappropriate touching and acts of sexual molestation contemplated material elements of first-degree sodomy and first-degree sexual abuse as required by § 15-25-31. Finally, L.H. testified at trial, satisfying the final requirement for admissibility under § 15-25-32(1).

“Accordingly, because the State met the various requirements of the Act, L.H.’s hearsay statements, under the Act, could be considered substantive evidence by the circuit court.”

99 So.3d at 899-900 (emphasis added). Thus, the Court of Criminal Appeals concluded that L.H.’s “hearsay statements”— i.e., his prior inconsistent out-of-court statements — “could be considered substantive evidence” under § 15-25-31, a statutory exception to Rule 802.
In Part I.B. of its opinion in M.L.H., entitled “The substantive use of hearsay statements under Rule 801(d)(1)(A), Ala. R. Evid.,” 99 So.3d at 900, the Court of Criminal Appeals determined that L.H.’s prior inconsistent statements did not satisfy the third criterion of Rule 801(d)(1)(A) because the statements had not been “given under oath subject to penalty of perjury at a trial or in a hearing, other proceeding, or deposition.” 99 So.3d at 902. Because “L.H.’s hearsay statements do not meet the requirements of Rule 801(d)(1)(A),” the Court of Criminal Appeals concluded,
“L.H.’s statements to his mother, Dr. Taylor, Sharon Whitfield, or Terry Os-berry cannot be considered substantive evidence of the facts asserted therein, but rather can be considered only as impeachment evidence. Accordingly, because the statements failed to meet *916 the various requirements of Rule 801(d)(1)(A), L.H.’s hearsay statements, under Rule 801(d)(1)(A), could not be considered substantive evidence by the circuit court.”
99 So.3d at 902 (emphasis added). Acknowledging that L.H.’s prior inconsistent out-of-court statements were, in fact, “hearsay statements,” the Court of Criminal Appeals concluded that those statements were inadmissible as substantive evidence under Rule 801(d)(1)(A), which defines certain types of prior inconsistent statements as “nonhearsay.”
The Court of Criminal Appeals then misconstrued the scope of its conclusion that L.H.’s prior inconsistent out-of-court statements were not admissible as substantive evidence under Rule 801(d)(1)(A). The import of that holding is that L.H.’s prior inconsistent out-of-court statements are not “nonhearsay” and that, rather, they are hearsay and the admissibility of the statements is governed by Rule 802, Ala. R. Evid. Indeed, recognizing that L.H.’s prior inconsistent out-of-court statements were, in fact, hearsay, the Court of Criminal Appeals determined that those statements were admissible as substantive evidence under § 15-25-81. 99 So.3d at 899. The Court of Criminal Appeals, however, failed to consider the applicability of Rule 802, Ala. R. Evid., in its analysis, and, as a result, that court perceived an “inherent tension” between the Act and the Alabama Rules of Evidence that does not exist. In holding that there is an “inherent tension” between Rule 801(d)(1)(A) and § 15-25-31, the Court of Criminal Appeals erred.
Rule 801(d), Rule 802, and § 15-25-31 coexist under Alabama’s scheme for determining whether a witness’s prior inconsistent out-of-court statement can be admitted as substantive evidence. The fact that a witness’s prior inconsistent statement does not fall within the exemption to the definition of hearsay in Rule 801(d)(1)(A) does not necessarily preclude its substantive admissibility under an exception to Rule 802, such as § 15-25-31. Hence, no conflict exists between § 15-25-31, Ala.Code 1975, and the Alabama Rules of Evidence.
Finally, we note that because Rule 801(d)(1)(A) and § 15-25-31 do not conflict, the Court of Criminal Appeals’ analysis applying the rationale and holding of this Court in Schoenvogel, supra, was unnecessary. See, e.g., Crocker v. Grammer, 87 So.3d 1190, 1194 (Ala.Civ.App.2011) (recognizing that the rationale and holding in Schoenvogel did not apply because “[n]o rule of evidence expressly supersedes § 12-21-45, [Ala.Code 1975,] and [the plaintiff] has not directed this court to any rule that directly conflicts with § 12-21-45 so as to impliedly abrogate that statute”).

Conclusion

Based on the foregoing, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for that court to reassess its ultimate determination regarding the substantive admissibility of L.H.’s prior inconsistent out-of-court statements, considering that court’s prior determinations as to the substantive admissibility of those statements under Rule 801(d)(1)(A) and § 15-25-31 and this court’s holding in this opinion as to the proper interplay between Rule 801(d)(1)(A), Rule 802, and § 15-25-31.
REVERSED AND REMANDED. 
*917 BOLIN, PARKER, MURDOCK, SHAW, and MAIN, JJ„ concur.
MALONE, C.J., and WISE, J.,** recuse themselves.