WINDOM, Presiding Judge.
The State of Alabama appeals the circuit court’s pretrial order granting Isaac Andy Baker’s motion in limine and excluding out-of-court statements that E.G.J. made to her parents and to a counselor. Specifically, the State argues that the circuit court erroneously concluded that E.G.J.’s out-of-court statements constitute inadmissible hearsay under Rule 801, Ala. R. Evid. According to the State, although E.GJ.’s out-of-court statements are hearsay, the statements are nonetheless admissible pursuant to § 15-25-31, Ala.Code 1975, a part of the Child Sexual Abuse Victim Protection Act, § 15-25-30 et seq., Ala.Code 1975, and Rule 802, Ala. R. Evid. Therefore, the circuit court abused its discretion by ruling that E.GJ.’s statements are inadmissible under Rule 801, Ala. R. Evid. This Court agrees with the State.
Faye Baker, Baker’s wife, operated a child day-care facility in the Bakers’ house in Tuscaloosa County. After retiring from the Tuscaloosa Police Department, Baker helped his wife with the children at the day-care facility. E.G.J., who was born on January 9, 2006, attended Faye Baker’s day-care facility from March 2006 until some time between July 11 and August 15, 2008.
On May 1, 2009, E.G.J. made a statement to her mother indicating that Baker had performed oral sex on her while she was at the day-care facility. That same day, E.G.J. told her father the same thing. Later, on May 3, 2009, E.G.J. made an additional statement to her mother and father that indicated that Baker had performed oral sex on her. E.G.J. made additional statements to her parents on May 17 and May 26, 2009 that incriminated Baker.
In addition to the statements E.G.J. made to her parents, she was interviewed by Janie Plaxco, a forensic evaluator at the Tuscaloosa Children’s Center, on multiple occasions between May 14 and June 2, 2009. During those interviews, E.G.J. again indicated that Baker had engaged in deviate sexual intercourse with her while she was attending Faye Baker’s day-care facility.
On September 24, 2009, a Tuscaloosa County grand jury issued an indictment charging Baker with two counts of first-degree sodomy for acts he allegedly performed on E.G.J. when she was 2½ years old. See § 13A-6-63, Ala.Code 1975. At some point thereafter, the State gave Baker notice of its intent to offer hearsay evidence. (C. 9.) The State’s notice indicated that it intended to admit into evidence E.GJ.’s out-of-court statements to her parents and to Plaxco pursuant to § 15-25-31, Ala.Code 1975, which provides for the admission into evidence of child victims’ hearsay statements in certain circumstances.[1]
Thereafter, on April 14, 2011, Baker filed a motion in limine urging the circuit court to exclude E.G.J.’s out-of-court statements on the following grounds: 1) E.G.J. would not have been a competent witness at the time the statements were given *787 because she was three years old; 2) the admission of the out-of-court statements would violate the Confrontation Clause of the Sixth Amendment to the United States Constitution; and 3) the statements do not meet the criteria for the hearsay exception contained in § 15-25-31, Ala.Code 1975. After Baker filed his motion in limine, this Court issued its opinion in M.L.H. v. State, [Ms. CR-09-0649, July 8, 2011] — So.3d -(Ala.Crim.App.2011). In M.L.H., this Court determined that § 15-25-31, Ala. Code 1975, which provides for the admission, as substantive evidence, of out-of-court statements of victims of sexual offenses who are under the age of 12 at the time of the proceeding, conflicted with Rule 801, Ala. R. Evid, which defines hearsay. Id. at-. This Court then decided that Rule 801, Ala. R. Evid., superseded § 15-25-31, Ala Code 1975, and governed the admission of out-of-court statements because Rule 801 was adopted after § 15-25-31 became effective. Id. at-. This Court held that out-of-court statements that would be admissible as substantive evidence pursuant to § 15-25-31 are nevertheless inadmissible as substantive evidence if those statements fall within the definition of hearsay contained in Rule 801, Ala. R. Evid. Id. at-. In effect, this Court held that Rule 801, Ala. R. Evid., abrogated § 15-25-31 and rendered out-of-court statements that would have been admissible as substantive evidence under § 15-25-31 inadmissible to prove the matter asserted, unless those statements are nonhearsay or fall within a hearsay exception contained in the Rule 803, Ala. R. Evid.
On August 3, 2011, the State filed a motion for a pretrial ruling on Baker’s motion in limine. Thereafter, on August 8, 2011, the State filed a motion to continue. In its motion, the State recognized this Court’s holding in M.L.H. Specifically, the State explained that:
“On July 8, 2011, the Alabama Court of Criminal Appeals released the case of M.L.H. v. State, [Ms. CR-09-0649, July 8, 2011] — So.3d-(Ala.Crim.App. 2011).... In this case, the Court held that the hearsay rules enacted on passage of the Alabama Rules of Evidence (hereinafter, ‘the Rules’), effective January 1, 1996, prohibit the admission of out-of-court statements made by the victim that would normally be admissible as substantive evidence under [§§ 15-25-31 through 39, Ala.Code 1975,] unless the Rules or subsequent legislation create an exception to Ala. R. Evid. Rule 801. Et. Seq.”
(C. 35.)
After acknowledging this Court’s opinion in M.L.H., the State moved the circuit court to continue the proceedings to allow the Alabama Supreme Court an opportunity to review this Court’s decision in M.L.H. Put differently, the State moved the circuit court to continue the proceedings until this Court’s decision in M.L.H. became final. As grounds for its motion, the State asserted this Court’s opinion in M.L.H. dictated that E.G.J.’s out-of-court statements be excluded and that the exclusion of those statements would be fatal to the State’s case. It then asserted:
“The State has a good faith reason to believe that M.L.H., which has been appealed by the State of Alabama Attorney General’s Office, will ultimately be reversed by the Alabama Supreme Court. In short, the State contends that the Alabama Court of Criminal Appeals overlooked the fact that the Rules provide in Ala. R. Evid. Rule 802 that ‘[h]earsay is not admissible except as provided by these rules, or by other rules adopted by the Supreme Court of Alabama or by statute.’ In other words, the exception to the hearsay rule established under the Child Sexual Abuse *788 Victim Protection Act ‘remains viable after the adoption of the Alabama Rules of Evidence.’ Gamble, McElroy’s Ala. Evid. § 260.04 (5th ed.1996). See also, Gamble’s Alabama Rules of Evidence § 802 ‘Practice Pointers,’ fn. 3 (2nd ed.2002).”
(C. 36) (emphasis in original.) According to the State, a continuance would alleviate the necessity for the State to appeal the circuit court’s ruling, which, if M.L.H. is applied, should exclude the E.GJ.’s out-of-court statements.
The circuit court held a hearing on the pending motions. During the hearing, the circuit court denied the State’s motion to continue the proceedings. After the hearing, the circuit court issued an order granting Baker’s motion to exclude E.G.J.’s out-of-court statements on the ground that that result was required under M.L.H. In granting Baker’s motion, the circuit court explained it was not analyzing whether E.G.J.’s statements meet the criteria of admissibility under §§ 15-25-31 through -39, Ala.Code 1975, or whether the admission of the statements would violate the Confrontation Clause of the Constitution of the United States. Instead, the court explained that:
“In light of the opinion of the Alabama Court of Criminal Appeals in M.L.H, v. State, [Ms. CR-09-0649, July 8, 2011] — So.3d-(Ala.Crim.App.2011)..., this Court finds no reason to conduct an analysis under [§§ 15-25-31 through -39, Ala.Code 1975]. According to the M.L.H. decision, because the hearsay rules under the Alabama Rules of Evidence became effective subsequent to [the effective date of §§ 15-25-31 through -39, Ala.Code 1975,] the Ala-banla Rules of Evidence govern the admissibility of the alleged victim’s hearsay statements. Because the proffered statements would not qualify as non-hearsay under the Alabama Rules of Evidence nor would they qualify as an exception to the hearsay rules set out in the Alabama Rules of Evidence, this Court finds that the out-of-court statements made by the alleged victim to her mother, her father, and Ms. Plaxco ... are not admissible at trial as substantive evidence.
“Obviously, were the M.L.H. decision to be reversed, then this Court would be in a position to further analyze the admissibility of these statements under [§§ 15-25-31 through -39, Ala.Code 1975]. At this time, however, this Court specifically makes no conclusions regarding the admissibility of the proffered statements under [§§ 15-25-31 through -39, Ala.Code 1975].”
(C. 39.)
The State timely appealed the circuit court’s ruling. The sole issue before this Court is whether the adoption of Rule 801, Ala. R. Evid., superseded §§ 15-25-31 through -39, and rendered hearsay statements by child victims, otherwise admissible under §§ 15-25-31 through -39, inadmissible, in accordance with this Court’s opinion in M.L.H.[2]
After the State filed its brief in this Court, the Alabama Supreme Court reversed this Court’s judgement in M.L.H. and held that the adoption of the Alabama Rules of Evidence did not supersede or abrogate §§ 15-25-31 through -39. M.L.H. v. State, [Ms. 1101398, Dec. 2, 2011] — So.3d -, - (Ala.2011). *789 Specifically, in — So.3d at-, the Alabama Supreme Court held that there is no conflict between Rule 801, Ala. R. Evid., and §§ 15-25-31, Ala.Code 1975. The Court agreed with this Court’s determination that M.L.H.’s out-of-court statements constituted hearsay as defined in Rule 801, but then explained that Rule 801, Ala. R. Evid., does not govern whether hearsay statements are admissible. Instead, Rule 801 merely defines which out-of-court statements constitute hearsay and declares that certain out-of-court statements are not hearsay. Id. at-. The Court then explained that the admissibility of hearsay is governed by Rule 802, Ala. R. Evid., which “provides: ‘Hearsay is not admissible except as provided by these rules, or by other rules adopted by the Supreme Court of Alabama or by statute.’ ” Id. at-(quoting Rule 802, Ala. R. Evid.). The Court then explained:
“By definition, if a hearsay statement is admissible under an exception to Rule 802, it is admissible as substantive evidence — i.e., ‘to prove the truth of the matter asserted.’ Rule 801(c); see, e.g., Biles v. State, 715 So.2d 878, 887 (Ala. Crim.App.1997) (quoting and relying upon Advisory Committee’s Notes to Rule 803(4), Ala. R. Evid., which state that, under the hearsay exception expressed in Rule 803(4), ‘all statements serving reasonably as the basis of diagnosis or treatment’ are ‘admitted as substantive proof of the matter asserted’), and Gwarjanski v. State, 700 So.2d 357, 359 (Ala. Crim.App.1996) (noting that a logbook that was ‘admissible into evidence under the business records exception to the hearsay rule ... could be considered as substantive evidence’). Section 15-25-31, the section of the Act the Court of Criminal Appeals determined conflicts with Rule 801(d)(1)(A), creates a statutory exception to the hearsay rule. T.P. v. State, 911 So.2d 1117, 1123 (Ala.Crim.App.2004); see also Charles W. Gamble, Gamble’s Alabama Rules of Evidence § 802, Author’s Statement of the Rule n. 3 (2d ed.2002).”
M.L.H., — So.3d at-. The Court ultimately held that out-of-court statements that constitute hearsay under Rule 801, Ala. R. Evid., and that meet all the requirements of §§ 15-25-31 through -39, Ala.Code 1975, fall within an exception to the prohibition of hearsay evidence contained in Rule 802, Ala. R. Evid, and are thus admissible as substantive evidence.
Here, the circuit court, relying on this Court’s opinion in M.L.H., .— So.3d at -, held that Rule 801, Ala. R. Evid., superseded and abrogated §§ 15-25-31 through -39, Ala.Code, and rendered E.G.J.’s hearsay statements inadmissible. That decision conflicts with the Alabama Supreme Court’s decision in M.L.H., — So.3d at-. In accordance with the Alabama Supreme Court’s decision, the circuit court’s judgment excluding E.G.J.’s statements is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. The State’s notice is not contained in the record; however, based on Baker’s pleadings and the parties' arguments, the substance of the notice is clear — the State intended to use E.G.J.’s out-of-court statements as substantive evidence at trial.

. The circuit court did not decide whether E.G.J.’s statements meet the criteria for admissibility pursuant to §§ 15-25-31 through -39, Ala.Code 1975, or whether the admission of the statements would violate the Confrontátion Clause, and the record is insufficient for this Court to make those determinations. Therefore, these issues are better left for the circuit court to decide on remand.