MOORE, Judge.
Bruce R. McCormick appeals from’ a judgment entered by the Jefferson Circuit Court (“the trial court”) in favor of Willis R. Bunting III. We reverse.

Procedural History

On October 14, 2009, Bunting filed a complaint against McCormick and other defendants alleging, among other things, that McCormick had negligently allowed the vehicle that he was driving to collide with Bunting’s vehicle. The case eventually proceeded to trial on Bunting’s negligence claim against McCormick. Prior to trial, Bunting filed a motion in limine to prevent McCormick, during the trial, from referring to “any payments made for [Bunting’s] medical and hospital expenses by any person or entity that is not a party to this action” or from arguing that Bunting’s damages award should be reduced or otherwise affected by such payments. At the outset of the trial, the trial court granted that motion in limine, and, during the trial, the trial court did not allow McCormick to present any evidence indicating that collateral sources had paid the medical expenses for which Bunting was seeking recovery, which amounted to $36,552.08. Also during the trial, McCormick’s attorney offered proof, out of the hearing of the jury, that Blue Cross and Blue Shield of Alabama had paid $2,434.08 and United Service Automobile Association had paid $1,426.02 in medical expenses on behalf of Bunting.
The jury returned a verdict in favor of Bunting and awarded him damages in the amount of $27,181.03; on March 11, 2011, the trial court entered a judgment on the jury’s verdict. On April 11, 2011, McCormick filed a motion to alter, amend, or vacate the trial court’s judgment,[1] arguing that the trial court had improperly excluded evidence of collateral-source payments in contravention of § 12-21-45(a), Ala.Code 1975.[2] The trial court denied that motion on May 20, 2011, reasoning that the Alabama Rules of Evidence had superseded § 12-21-45 and had revived *1250 the common-law collateral-source rule.[3] McCormick filed his notice of appeal on June 30, 2011.

Discussion

In his brief to this court, McCormick states that “the sole issue on appeal is whether the trial court erred by refusing to apply § 12-21-15 and precluding McCormick from presenting evidence that [Bunting’s] medical bills had been paid by a collateral source and the amounts of those payments.” (McCormick’s brief at p. 3.) In Crocker v. Grammer, 87 So.3d 1190, 1193 (Ala.Civ.App.2011), this court held that the legislature had modified the common-law collateral-source rule in order to allow Alabama juries to determine whether an award of damages should be reduced as a result of payments of medical and hospital expenses made by third parties on behalf of a plaintiff. This court further held that Rules 401, 402, and 403 of the Alabama Rules of Evidence did not conflict with or supersede § 12-21-45 so as to undo that legislative modification and to revive the common-law collateral-source rule. 87 So.3d at 1193. In this case, the trial court specifically followed the exact same reasoning used by the trial court in Crocker, which this court rejected. In so doing, the trial court erred as a matter of law in precluding McCormick from introducing evidence of the collateral-source payments for Bunting’s medical and hospital expenses.
That error was not harmless simply because the jury returned a verdict for less than the amount of the medical expenses Bunting claimed at trial. McCormick defended Bunting’s claim for medical
expenses largely by convincing the jury that those expenses had not been proximately caused by the automobile accident. See Wells v. Mohammad, 879 So.2d 1188 (Ala.Civ.App.2003) (holding that a jury can decide that certain claimed medical expenses were not proximately caused by the negligence of the defendant and decline to award such medical expenses). However, because of the erroneous evidentiary ruling by the trial court, McCormick was not allowed to present evidence of the collateral-source payments or to argue that the damages award should be reduced even further to account for those payments. As noted in Crocker, if the collateral-source payments had been admitted, the “jury [might have] decide[d] that [Bunting] ... would receive an undue windfall if the damages were not reduced to account for the compensation [Bunting] had already received in the form of third-party payments.” 87 So.3d at 1193. By removing from the jury the discretion to adjust the damages award on account of the evidence relating to collateral-source payments, the trial court “probably injuriously affected [McCormick’s] substantial rights.” Rule 45, Ala. R.App. P. Consequently, we reverse the judgment of the trial court, and we remand the case for a new trial in conformity with § 12-21-45.
McCormick also argues that he should be allowed to prove that Bunting’s medical providers discounted their bills and/or accepted as full payment for their services the amounts tendered by the collateral sources, “writing off’ any balance. Because the trial court ruled that McCormick could not introduce any evidence of collateral-source payments, McCormick did not *1251 attempt to introduce any further evidence of the effect of those payments on Bunting’s financial obligations to his medical providers. The trial court thus never ruled on the question whether that evidence would be admissible under § 12-21-45 or otherwise. Unless and until McCormick receives an adverse ruling from the trial court on remand, this issue is not ripe for our review. See Crocker, supra at n. 5.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The 30th day after the judgment was entered was Sunday, April 10, 2011. Therefore, McCormick had until the Monday, April 11, 2011, to file his postjudgment motion. See Rule 6, Ala. R. Civ. P.

. Section 12-21-45 provides, in pertinent part:
"(a) In all civil actions where damages for any medical or hospital expenses are claimed and are legally recoverable for personal injury or death, evidence that the plaintiff’s medical or hospital expenses have been or will be paid or reimbursed shall be admissible as competent evidence....”

. The common-law collateral-source rule prevented reduction of the amount of damages recoverable in a personal-injury action based on a plaintiff’s receipt of benefits ‘‘from a source wholly collateral to and independent of the wrongdoer” and rendered any evidence of the receipt of such benefits irrelevant and inadmissible. Williston v. Ard, 611 So.2d 274, 278 (Ala.1992).