Rel: February 6, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

————————————————

## CR-2025-0655

————————————————

**State of Alabama**

**v.**

**Abraham Hatch**

**Appeal from Mobile Circuit Court**
**(CC-22-4218)**

ANDERSON, Judge.

The State of Alabama brings this pretrial appeal pursuant to Rule 15.7, Ala. R. Crim. P., challenging the Mobile Circuit Court's order refusing to admit the out-of-court statements of a child witness as substantive evidence under §§ 15-25-31 and 15-25-32, Ala. Code 1975.

For the reasons set forth below, we reverse the trial court's order and remand the case for further proceedings.

Because the State is appealing from a pretrial order, we pretermit any unnecessary discussion of the facts underlying the prosecution of the defendant, Abraham Hatch. See Ex parte Patel, 879 So. 2d 532, 534 (Ala. 2003) ("Because the trial in this case has not yet taken place, it would be imprudent for this Court to further comment on the evidence at this time."). Nonetheless, a brief recitation of the procedural history and facts underlying the State's pretrial appeal is warranted.

Hatch was indicted for the murder of a minor child, Ty.E. The State contends that Ty.E.'s brother, T.E., was a witness to Hatch's abusive behavior toward Ty.E. and was also a victim of similar abuse. Before trial, the State filed a series of motions relating to T.E., including a motion requesting that the trial court allow T.E. to testify via closed-circuit television and a motion to admit T.E.'s out-of-court statements regarding the abuse allegedly committed by Hatch. Those motions were denied in a brief order. (C. 292.) Subsequently, Hatch filed a response to the State's motion to admit the out-of-court statements, and additional

arguments were presented to the trial court at a pretrial hearing in August 2025.

On August 15, 2025, the trial court entered a second order denying the State's motion to admit the out-of-court statements, finding in pertinent part:

> "[T]hese statements do not meet the requirements of Section 15-25-32[, Ala. Code] (1975). The interviews are clearly hearsay. The brother of the victim, now age 10[,] who gave the statements will be available to testify at the trial.
>
> "These two interviews are in the nature of a police investigation, and intended to be used for criminal prosecution of the Defendant. These statements are testimonial and investigative in nature.
>
> "The Court is not reasonably satisfied that the statements in question possess the necessary particularized guarantees of trustworthiness under Section 15-25-32(2)(b) ….
>
> "This includes the following factors:
>
>> "1.   The child's age and maturity.
>>
>> "2.   The timing of the child's statements and the circumstances under which the statements were taken.
>>
>> "3.   The statements are partly suggestive due to improperly leading questions.
>
> "The State will be allowed to use the statements at trial to question the witness. The Court simply cannot allow the statements to be admitted into evidence and go back to the jury."

(C. 306-07.) After the State certified that the trial court's order, if not reversed on appeal, would be "fatal to the prosecution of the charge" against Hatch, <u>see</u> Rule 15.7(a), this appeal followed.

Under Alabama's Child and Protected Person Physical and Sexual Abuse, and Violent Offense Victim Protection Act ("the Protection Act"), § 15-25-30 et seq., Ala. Code 1975, special provisions apply to out-of-court statements of children who witness certain crimes. Specifically, an out-of-court statement made by "a child under 12 years of age at the time the statement is made" is admissible "if the requirements of Section 15-25-32[, Ala. Code 1975,] are met." § 15-25-31. This is true even if those statements would otherwise be considered hearsay. <u>State v. Baker</u>, 90 So. 3d 785, 789 (Ala. Crim. App. 2012). In turn, § 15-25-32 provides two alternate and mutually exclusive requirements for the admission of such statements. First, a child's out-of-court statements are admissible if

> "[t]he witness testifies at the proceeding, testifies by means of video deposition as provided by Section 15-25-2, or testifies by means of closed circuit television as is provided in Section 15-25-3, [Ala. Code 1975], and at the time of the testimony is subject to cross-examination about the out-of-court statements."

4

§ 15-25-32(1). If the child witness <u>does not</u> testify, then an out-of-court statement can be admitted only if

> "[t]he court finds that the witness's out-of-court statement is shown to the reasonable satisfaction of the court to possess particularized guarantees of trustworthiness and there are reasonable grounds to believe that the defendant or someone acting on behalf of the defendant has intentionally removed the witness from the jurisdiction of the court or that the defendant engaged in wrongdoing that was intended to, and did, procure the unavailability of the witness."

§ 15-25-32(2). In either case, the proponent of such a statement is required to "inform the adverse party of the opponent's intention to offer the statement and the content of the statement sufficiently in advance of the proceeding to provide the defendant with a fair opportunity to prepare a response to the statement before the proceeding at which it is offered." § 15-25-35, Ala. Code 1975.

In this case, the record indicates that the State notified Hatch of its intent to offer T.E.'s out-of-court statements at trial, and defense counsel indicated that he had reviewed those statements. Further, the State clearly indicated during the motions hearing that T.E. <u>would testify</u> at Hatch's trial. (R. 21, 43.) Indeed, the State -- by separate motion -- sought to have T.E. testify "by closed circuit equipment," as provided for by § 15-25-3, Ala. Code 1975.

5

In cases in which a child witness <u>will testify</u>, § 15-25-32 does not provide for or require any "reliability" finding by the trial court for the child witness's out-of-court statement to be admissible. Instead, the process is simple and straightforward: If the child will testify and be subject to cross-examination, the out-of-court statement is admissible <u>as substantive evidence</u>. <u>Id.</u> The Alabama Supreme Court made this clear in <u>M.L.H. v. State</u>, 99 So. 3d 911 (Ala. 2011), explaining:

"If a witness's prior inconsistent statement does not fall within the category of statements exempted from the definition of hearsay by Rule 801(d)(1)(A)[, Ala. R. Evid.]-- in other words, if the witness's prior inconsistent statement is, in fact, hearsay -- then the admissibility of the statement is governed by Rule 802, Ala. R. Evid., Alabama's 'Hearsay Rule.' Rule 802 provides: '<u>Hearsay is not admissible except as provided</u> by these rules, or by other rules adopted by the Supreme Court of Alabama or <u>by statute</u>.' (Emphasis added.) By definition, if a hearsay statement is admissible under an exception to Rule 802, it is admissible as substantive evidence -- i.e., 'to prove the truth of the matter asserted.' Rule 801(c); see, e.g., <u>Biles v. State</u>, 715 So. 2d 878, 887 (Ala. Crim. App. 1997) (quoting and relying upon Advisory Committee's Notes to Rule 803(4), Ala. R. Evid., which state that, under the hearsay exception expressed in Rule 803(4), 'all statements serving reasonably as the basis of diagnosis or treatment' are 'admitted as substantive proof of the matter asserted'), and <u>Gwarjanski v. State</u>, 700 So. 2d 357, 359 (Ala. Crim. App. 1996) (noting that a logbook that was 'admissible into evidence under the business records exception to the hearsay rule ... could be considered as substantive evidence'). Section 15-25-31, [Ala. Code 1975,] the section of the [Protection] Act the Court of Criminal Appeals determined conflicts with Rule

6

801(d)(1)(A), creates a statutory exception to the hearsay rule. T.P. v. State, 911 So. 2d 1117, 1123 (Ala. Crim. App. 2004); see also Charles W. Gamble, Gamble's Alabama Rules of Evidence § 802, Author's Statement of the Rule n.3 (2d ed. 2002). Therefore, if a hearsay statement, even a prior inconsistent out-of-court statement, falls within the parameters of § 15-25-31 and satisfies the other requirements of the Act, it is admissible as substantive evidence."

99 So. 3d at 914.

Consequently, the circuit court erred in at least two ways. First, it erred by applying § 15-25-32 as though that statute provided a two-part test rather than providing two separate methods for admitting a child's out-of-court statements. In ruling on the State's motion, the trial court's inquiry should have ended with the State's assurance that T.E. would testify. See § 15-25-32(1). Instead, by ruling that it would not admit T.E.'s out-of-court statements into evidence because it was "not reasonably satisfied that the statements in question possess the necessary particularized guarantees of trustworthiness under Section 15-25-32(2)" (C. 306), the trial court went beyond the inquiry permitted by § 15-25-32. The "trustworthiness" of T.E.'s out-of-court statements would have been relevant only if T.E. would not be testifying. See § 15-25-32(2).

Second, the trial court erred by ruling that T.E.'s out-of-court statements could be "use[d] … at trial" without being "admitted into

7

evidence." (C. 307.) In effect, the trial court's order treated T.E.'s out-of-court statements as if the State proposed using them to refresh his recollection or as being analogous to prior inconsistent statements. See, e.g., Trawick v. State, 86 So. 3d 1105, 1110 (Ala. Crim. App. 2011). But under the plain language of the Protection Act, a child's out-of-court statements are admissible as substantive evidence. Accordingly, the trial court exceeded its discretion when it ruled that T.E.'s out-of-court statements would not be treated as substantive evidence if T.E. testifies and is subject to cross-examination at trial.

Although evidentiary rulings are matters generally left to the sound discretion of the trial court, see, e.g., Stevenson v. State, 794 So. 2d 453, 456 (Ala. Crim. App. 2001), when a trial court improperly applies the law to the facts, no presumption of correctness exists as to the trial court's judgment. See Ex parte Jackson, 886 So. 2d 155, 159 (Ala. 2004) (citing Ex parte Board of Zoning Adjustment of the City of Mobile, 636 So. 2d 415 (Ala. 1994)). On the record before us, there is no question that T.E. was below the age of 12 years old when he made the out-of-court statements and that the State intends to make him available for cross-examination at trial. Based on those facts and representations, T.E.'s out-

8

of-court statements are admissible as substantive evidence under §§ 15-25-31 and 15-25-32. See M.L.H., 99 So. 3d at 914 ("Therefore, if a hearsay statement, even a prior inconsistent out-of-court statement, falls within the parameters of § 15-25-31 and satisfies the other requirements of the [Protection] Act, it is admissible as substantive evidence."). Because the trial court's ruling was based on an erroneous understanding of § 15-25-32, we must reverse the trial court's order.

Although Hatch argues that the admission of T.E.'s out-of-court statements as substantive evidence would violate the Confrontation Clause, this Court has long recognized that the Confrontation Clause is not violated by the admission of a child's out-of-court statement pursuant to § 15-25-31 so long as the child testifies and is subject to cross-examination. As we have explained:

> "Section 15-25-32(1), Ala. Code 1975, provides that an out-of-court statement may be admitted as provided in § 15-25-31 if the child testifies at the proceeding and is subject to cross-examination about the out-of-court statements.
>
> "E.M. testified at trial. Therefore, Crawford[ v. Washington, 541 U.S. 36 (2004),] which addressed '[t]estimonial statements of witnesses absent from trial,' 541 U.S. at 59, 124 S. Ct. 1354, was not implicated, and King's right to confront and cross-examine his accuser was fully satisfied. Because the provisions of the …Protection Act relevant to this case did not violate the holding of Crawford or

9

> the principles of the Confrontation Clause, King's argument is moot, and we need not address the constitutionality of the statute as a whole."

King v. State, 929 So. 2d 1032, 1036-37 (Ala. Crim. App. 2005). Similarly, here, the admission of T.E.'s out-of-court statements pursuant to § 15-25-32(1) will not violate either the Confrontation Clause or the United States Supreme Court's holding in Crawford v. Washington, 541 U.S. 36 (2004), under the facts presented to the trial court, so long as T.E. testifies consistent with the State's representations.

We note that Hatch argues for the first time in his appellate brief that T.E.'s out-of-court statements were properly excluded because "the State [failed] to present any witness to testify regarding evidence to meet the 'act' and 'material' element [sic] of § 15-25-31." (Hatch's brief at 13.) However, Hatch -- who possessed copies of T.E.'s out-of-court statements -- made no such arguments below. (C. 289-90.) Furthermore, the trial court -- which reviewed those statements -- did not rely on this alleged inadequacy in its order excluding them as substantive evidence. Because neither the State nor Hatch sought to have those statements included in the record on appeal, they are not available for our review. For these reasons, we cannot and do not reach Hatch's claim that T.E.'s out-of-court

statements would have been properly excluded because they do not address any "material element" of the crime with which Hatch has been charged.

For the reasons expressed above, we reverse the trial court's order excluding T.E.'s out-of-court statements, and we remand this case to the trial court for further proceedings.

REVERSED AND REMANDED.

Kellum, Cole, and Minor, JJ., concur. Windom, P.J., recuses herself.